United States Bankruptcy Court
District of Maryland

In re:
Monroe R. Parker, Jr. (M.DIV.)        Chapter 7
and Tonia R. Parker, Joint Debtors,

                                         Case No. 10-38938

Monroe R. Parker, Jr. (M.DIV.)        Adversary No. 11-0013
and Tonia R. Parker                   Adversary No. 11-480
       Plaintiff(s)

v.

Daniel L. Rosenthal, et al.,          Motion To Vacate
       Defendants,                    Interlocutory Orders.

Monroe R. Parker, Jr. (M.DIV.)
and Tonia R. Parker
       Plaintiff(s).

v.

Union Institute + University et al., Defendants.

Now Comes plaintiffs and requests that this Court vacate its orders dismissing adversary No. 11-0013, adversary No. 11-480, and any adverse action taken against them on or before October 18, 2011.

That this Court has not afforded the debtors a full and fair hearing, has exercised unfair and

D1

prejudice against the debtors, because they are pro se and of African origin. That attorney Smith advised that he had a special relationship with Judge Keir, and that he would see to it that we never filed another Bankruptcy. This same based declaration was made in the District Court of Maryland, in Salisbury, Maryland.

The Sharp Energy entity threatened to put our account in collections, eventhough it is schedule to be discharged (employees Lynn & Holley). Further, that they would remove the propane tank, and this is even after MEAP agreed to help with the Sharp past due bill. These same employees alleged that Judge Keir assured their attorneys that he would dis allow the past due bills to be discharged. However Sharp's attorney(s) failed to file a motion objecting to the discharge.

In adversary no. 11-0013, the defendants did n rely on the judge in state court. Daniel L. Rosenth in concert with Richard K. Bennett (K. Elizabeth Sieg, and Lori M. Scott) convinced the state court judge th he could ignore the automatic stay from the Distr of Maryland. This kind of judiciary conspiracy in con cert with defense counsel can never be labeled as technical violation. Debtor(s) produced a transcript

(2)

from ~~state~~ United States bankruptcy Court, which proves that James Peek gave false sworn testimony under oath. Peek denied plaintiff his financial aid of $5000, which was more than enough to pay his rent for six months at BTSR. This court was well aware that "the judgment for possession was obtained before the petition, this case and therefore the Section 362(b)(2) and (4) exception to the automatic stay did not arise. None-attorneys for BTSR acted under justifiable reliance on the State Court determination. Defense counsel intentionally ignored the bankruptcy filing and did act to enforce a put out, while the stay was in place. These same movants failed and refused to file a motion to lift the automatic stay, until they sought to dismiss the Motion for Sanctions, and that only after being in default.

Plaintiffs show that sufficient acts have been alleged and proven to show that a finding of relief under Sec. 525(c)(1).

In adversary no. 11-480, in particular Union Institute and University, violated the rights of debtor Monroe K. Parker, Jr. pursuant to 11 U.S.C. (c)(1). That the debtors automatic stay was violated by several defendants, and that the debtors are being denied service cause they filed a chapter 7, and because of the race. That the judge allegedly married then

(3)

relief, eventhough they ignored a filing deadline to file a motion to object to the discharge, and debts are being harassed by employees of Sharp Energy, as they continue their collection efforts.

Miles Scott of Union Institute & University alleged an affidavit that he sent plaintiff's student loan back DOE, because he reduced his academic load to three credits. However, the United States Dept of Education mandates that students are only required to carry 3 credits, if they are in a Doctoral program. Plaintiff was admitted to UIU(s) doctoral program July 2010. The university has several unsolved racial discrimination complaints against Mr. Scott for discrimination against minority student.

See 525 (3) (c) (1)

"A governmental unit that operates a student grant or loan program and a person engaged in a business that includes the making of loans guaranteed or insured and a student loan program may not deny a student grant, loan, loan guarantee, or loan insurance to a person that is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, or another person with whom the debtor or bankrupt has been associated, because the debtor or bankrupt is or has been a debtor under this title or a bankrupt debtor under the Bankruptcy Act, has been insolvent by

(4)

the commencement of a case under this title or during the pendency of the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(2) In this section, "student loan program" means any program operated under title IV of the Higher Education Act of 1965 or a similar program operated under State or local law."

For the foregoing reasons, plaintiffs request an order vacating all previous interlocutory orders in this case and or adversary actions (11-0013 and 11-480).

October 17, 2011

Monroe R. Parker, Jr.
Monroe R. Parker, Jr.
Monroe R. Parker, Jr.

Tonia R. Parker
Tonia R. Parker
Tonia R. Parker

address:
27060 Ocean Gateway
Hebron, Maryland 21830

(5)

## Certificate of Service

I have mailed and or faxed a copy of this foregoing Notice and Motion To Vacate on the following person by first class mail, postage prepaid as follows

Daniel L. Rosenthal
2819 N. Parham Road, #10
Richmond, Va. 23294-4425

K. Elizabeth Sieg
c/o Andrew L. Cole, Esq.
Franklin + Prokopik, The B+O Building
Two N. Charles St., Ste. 600
Baltimore, Md. 21201-3723

Lori M. Scott
c/o Andrew L. Cole, Esq.
Franklin + Prokopik, The B+O Building
Two N. Charles St., Ste. 600
Baltimore, Md. 21201-3723

McGuireWoods LLP,
One James Center, 901 E. Cary Street
Richmond, Va. 23060-6802

(6)

McGuireWoods LLP
One James Center, 901 East Cary Street
Richmond, VA 23219-4063

Richard K. Bennett
attn: David P. Corrigan
4951 Lake Brook Dr., Ste. 100
Glen Allen, Va. 23060

Baptist Theol. Seminary at Richmond
Attn: Dr. Ronald W. Crawford, Registered Agent
3400 Brook Road
Richmond, Virginia 23227

Robert A. Pustilnik, Judge
General District Court of the City of Richmond
400 N. 9th Street, Suite 203
Richmond, Virginia 23219

Philip C. Smith
Long, Badger, Sheller + Smith, LLP
124 East Main Street
Salisbury, Maryland 21801

Joseph J. Bellinger
8171 Maple Lawn Blvd.
Maple Lawn, MD 20759

(7)

Matthew A. Ranck
Erin A. Cohn
Richard J. Berwanger, Jr.
Eccleston + Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hancock, MD 21076

Marc E. Shach, Esquire
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, MD 21208

Robert T. Conley
440 E. McMillian Street
Cincinnati, Ohio 45206

October 17, 2011

Monroe R. Parker, Jr.
Monroe R. Parker, Jr.
Monroe R. Parker, Jr.

October 17, 2011

Tonia R. Parker
Tonia R. Parker
Tonia R. Parker

(8)