B20A (Official Form 20A) (Notice of Motion or Objection) (12/10)

# United States Bankruptcy Court
### District of _Maryland_

BALTIMORE-NIGHT BOX
2011 JAN -6 PM 5: 25

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

In re

[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]
_Monroe R. Parker, Jr. & Tonie R. Parker_
                                Debtor(s)

Address _605-B Riverside Drive_
_Salisbury, Maryland  21801_

Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): _3895/8082_

Employer's Tax Identification (EIN) No(s).(if any): _____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _10-38938_

Chapter _7_

## NOTICE OF [MOTION TO ] [OBJECTION TO ]

_Debtor_ _____ has filed papers with the court to [relief sought in motion or objection]. _Adversary Proceeding_

__Your rights may be affected.__ You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to [relief sought in motion or objection], or if you want the court to consider your views on the [motion] [objection], then on or before (date) , you or your attorney must:

[File with the court a written request for a hearing {or, *if the court requires a written response*, an answer, explaining your position} at:

{address of the bankruptcy clerk's office}

If you mail your {request} {response} to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

{movant's attorney's name and address}     _Monroe R. Parker, Jr._
                                           _605-B Riverside Drive_
{names and addresses of others to be served}]  _Salisbury, Maryland 21801_

[Attend the hearing scheduled to be held on (date) , (year) , at ____ a.m./p.m. in Courtroom____, United States Bankruptcy Court, {address}.]

[Other steps required to oppose a motion or objection under local rule or court order.]

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _January 6, 2011_

Signature: _Monroe R. Parker, Jr._
Name: _Monroe R. Parker, Jr._
Address _605-B Riverside Drive_
        _Salisbury, Maryland 21801_

Defendants to be served:

BALTIMORE-NIGHT BOX

2011 JAN -6 PM 5: 25

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

1) Daniel L. Rosenthal
2819 N. Parham Road, #110
Richmond, Virginia 23294

2) McGuire Woods, International
CT CORPORATION SYSTEM
4701 COX RD STE 301
GLEN ALLEN, VA. 23060-0000

3) HARMAN, CLAYTOR, CORRIGAN + WELLMAN, P.C.
ATTN: DAVID P. CORRIGAN
4951 LAKE BROOK DR., STE. 100
GLEN ALLEN, VA. 23060

4) Richard K. Bennett
ATTN: DAVID P. CORRIGAN
4951 Lake Brook DR., STE. 100
GLEN ALLEN, VA. 23060

5) BAPTIST THEOL. SEMINARY AT RICHMOND
ATTN. DR. RONALD W. CRAWFORD, REGISTERED AGENT
3400 BROOK ROAD
RICHMOND, VIRGINIA 23227

Form B 250A (12/09)

## United States Bankruptcy Court
### District Of _Maryland_

BALTIMORE-NIGHT BOX

2011 JAN -6  PM 5: 25

U.S. BANKRUPTCY COURT
MARYLAND

In re _Monroe R. Parker, Jr._ ,                )     Case No. _10-38938_
           Debtor                      )
                            )     Chapter _7_
_Monroe R. Parker, Jr._             )
           Plaintiff                   )
                            )
           v.                          )     Adv. Proc. No. _____
_Daniel L. Rosenthal_             )
           Defendant                   )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

      Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

      Name and Address of Plaintiff's Attorney:
      _Monroe R. Parker, Jr._
      _605-B Riverside Drive_
      _Salisbury, Maryland 21801_
If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                    _____ (Clerk of the Bankruptcy Court)

Date: _____      By: _____ (Deputy Clerk)

# CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

☐    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐    Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐    Residence Service: By leaving the process with the following adult at:

☐    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐    Publication: The defendant was served as follows: [Describe briefly]

☐    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____        Signature _____

Print Name : _____

Business Address: _____

_____

Form B 250A (12/09)

BALTIMORE-NIGHT BOX

## United States Bankruptcy Court
## District Of _Maryland_

2011 JAN -6  PM 5: 26

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re _Monroe R. Parker, Jr._ ,<br>**Debtor** | ) | Case No. _10-38938_ |
| | ) | |
| | ) | Chapter _7_ |
| | ) | |
| _Monroe R. Parker, Jr._<br>**Plaintiff** | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| _Baptist Theological Seminary_<br>_at Richmond,_ **Defendant** | ) | |
| | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:
_Monroe R. Parker, Jr._
_605-B Riverside Drive_
_Salisbury, Maryland 21801_

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____     By: _____ (Deputy Clerk)

## CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

☐    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:


☐    Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:


☐    Residence Service: By leaving the process with the following adult at:


☐    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:


☐    Publication: The defendant was served as follows: [Describe briefly]


☐    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]


If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.


Date _____        Signature _____

      Print Name :        _____

      Business Address:        _____

            _____

Form B 250A (12/09)

## United States Bankruptcy Court
## District Of _Maryland_

BALTIMORE-NIGHT BOX
2011 JAN 16 PM 5: 26
U.S. BANKRUPTCY COURT
MARYLAND

In re _Monroe R. Parker, Jr._ ,
      Debtor

_Monroe R. Parker, Jr._
      Plaintiff

      v.

_Hanman, Claytor, Corrigan & Wellman,_
_P.C._   Defendant

Case No. _10-38938_

Chapter _7_

Adv. Proc. No. _____

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

      Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

      Name and Address of Plaintiff's Attorney:
      _Monroe R. Parker, Jr._
      _605-B Riverside Drive_
      _Salisbury, Maryland 21801_
If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____     By: _____ (Deputy Clerk)

# CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

- ☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ☐ Residence Service: By leaving the process with the following adult at:

- ☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ☐ Publication: The defendant was served as follows: [Describe briefly]

- ☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____        Signature _____

       Print Name : _____

       Business Address: _____

                          _____

Form B 250A (12/09)

BALTIMORE-NIGHT BOX

## United States Bankruptcy Court
### District Of _Maryland_

~~JAN -6 PM 5: 26~~

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

In re _Monroe R. Parker, Jr._ , )   Case No. _10-38938_
           **Debtor**                     )
                                          )   Chapter _7_
                                          )
_Monroe R. Parker, Jr._                   )
           **Plaintiff**                  )
                                          )
           v.                             )   Adv. Proc. No. _____
                                          )
_McGuireWoods, International_             )
           **Defendant**                  )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:
_Monroe R. Parker, Jr._
_605-B Riverside Drive_
_Salisbury, Maryland 21801_
If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____      By: _____ (Deputy Clerk)

## CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

□   Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

□   Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

□   Residence Service: By leaving the process with the following adult at:

□   Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

□   Publication: The defendant was served as follows: [Describe briefly]

□   State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]


If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.


Date _____         Signature _____

        Print Name : _____

        Business Address: _____

                          _____

Form B 250A (12/09)

BALTIMORE-NIGHT BOX

## United States Bankruptcy Court 2011 JAN -6 PM 5:26
## District Of Maryland

BANKRUPTCY COURT
DISTRICT OF MARYLAND

In re Monroe R. Parker, Jr. ,  )  Case No. 10-38938
 Debtor  )
 )  Chapter 7
Monroe R. Parker, Jr.  )
 Plaintiff  )
 )
 v.  )  Adv. Proc. No. _____
Richard K. Bennett  )
 Defendant  )

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:
Monroe R. Parker, Jr.
605-B Riverside Drive
Salisbury, Maryland 21801
If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____  By: _____ (Deputy Clerk)

## CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

☐ **Mail service:** Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ **Personal Service:** By leaving the process with the defendant or with an officer or agent of defendant at:

☐ **Residence Service:** By leaving the process with the following adult at:

☐ **Certified Mail Service on an Insured Depository Institution:** By sending the process by certified mail addressed to the following officer of the defendant at:

☐ **Publication:** The defendant was served as follows: [Describe briefly]

☐ **State Law:** The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____      Signature _____

Print Name : _____

Business Address: _____

_____

In The City of Richmond General District Court
Commonwealth of Virginia

Monroe R. Parker, Jr.,
                    Petitioner,

v.                                          Case No. 10052607

BTSR,
et. al. defendants.

## Motion To Vacate

Now Comes, petitioner requesting that this Court vacate its order, dated December 28, 2010, in violation of the automatic stay, case number 10-38938. Petitioner incorporates the allegations contained in the Motion For Sanctions and Adversary Proceeding, now pending in the District of Maryland. Petitioner seeks an Emergency Order, from this Court.

                                    Monroe Parker
                                    605-B Riverside Dr.
                                    Salisbury, Md. 21801

Certificate Of Service

The following attorneys have been noticed:

Daniel L. Rosenthal

Richard K. Bennett

Monroe R. Parker, Jr.

(2)

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/10)                    Case Number 10-38938

## UNITED STATES BANKRUPTCY COURT
### District of Maryland

### Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 12/27/10.

You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### *** See Reverse Side For Important Explanations and Possible Dismissal ***

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
|---|---|
| Monroe Roosevelt Parker Jr.<br>605–B riverside Drive<br>Salisbury, MD 21801 | Tonia Rochelle Parker<br>605–B Riverside Drive<br>Salisbury, MD 21801 |
| Case Number:<br>10–38938   dk | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>219–46–3895<br>177–46–8092 |
| Attorney for Debtor(s) (name and address):<br>PRO SE | Bankruptcy Trustee (name and address):<br>Joseph J. Bellinger<br>Offit Kurman<br>8171 Maple Lawn Boulevard<br>Suite 200<br>Maple Lawn, MD 20759<br>Telephone number: (443) 738–1515 |

### Meeting of Creditors

Date:  February 16, 2011                    Time:  09:30 AM
Location:  U.S. Post Office Building, 129 East Main Street, Room 106, Salisbury, MD 21801

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 4/18/11**
**Deadline to Object to Exemptions: Thirty (30) days after the *conclusion* of the meeting of creditors.**

### Creditors May Not Take Certain Actions:
In most instances, the filing of the case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>Baltimore Division<br>101 West Lombard Street, Ste. 8530<br>Baltimore, MD 21201<br>Telephone number: (410) 962–2688 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Mark D. Sammons |
|---|---|
| Hours Open:  Monday – Friday 8:00 AM – 4:00 PM | Date:  12/28/10 |

035446                                    4630703548 1045

B 8 (Official Form 8) (12/08)                                    BALTIMORE-NIGHT BOX

# UNITED STATES BANKRUPTCY COURT27 PM 5:05
### District of Maryland

In re MONROE R PARKER JR _____,                    Case No. _____
      Debtor                                                          Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A – Debts secured by property of the estate.** *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>BTSR | **Describe Property Securing Debt:**<br>2 BEDROOM APARTMENT |

**Property will be** *(check one)*:
☐ Surrendered          ☑ Retained

**If retaining the property, I intend to** *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ *(for example, avoid lien using 11 U.S.C. § 522(f)).*

**Property is** *(check one)*:
☑ Claimed as exempt          ☐ Not claimed as exempt

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:**<br>RUARK RENTALS | **Describe Property Securing Debt:**<br>3 BEDROOM APARTMENT /TOWNHOME |

**Property will be** *(check one)*:
☐ Surrendered          ☑ Retained

**If retaining the property, I intend to** *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ *(for example, avoid lien using 11 U.S.C. § 522(f)).*

**Property is** *(check one)*:
☑ Claimed as exempt          ☐ Not claimed as exempt

FILED

DEC 2 7 2010

CLERK'S OFFICE
U. S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

B 8 (Official Form 8) (12/08)                                                                 Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>BTSR/LAMONT PROPERTIES | **Describe Leased Property:**<br>KRAMER HALL 1A | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☑ YES   ☐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:**<br>RUARK RENTALS | **Describe Leased Property:**<br>HICKORY HILL  605-B | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☑ YES   ☐ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES   ☐ NO |

__2__   continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: __12/26/2010__

_Monroe R. Parker, Jr._
Signature of Debtor

_Ynnia R. Parker_
Signature of Joint Debtor

B 8 (Official Form 8) (12/08)                                                                                  Page 3

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
### *(Continuation Sheet)*

### PART A - Continuation

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- ☐ Surrendered               ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- ☐ Claimed as exempt               ☐ Not claimed as exempt

### PART B - Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):** ☐ YES    ☐ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):** ☐ YES    ☐ NO |

# SUMMONS FOR UNLAWFUL DETAINER
## (CIVIL CLAIM FOR EVICTION)

CITY OF RICHMOND ............................................ General District Court

400 N. 9th Street, Suite 203, Richmond, VA 23219
STREET ADDRESS OF COURT

**TO ANY AUTHORIZED OFFICER:** Summon the Defendant(s) as provided below.

**TO THE DEFENDANT(S):** You are commanded to appear before this Court on

December 9, 2010, at 10:00 a.m. ................ to answer this civil claim.
RETURN DATE AND TIME

**CLAIM AND AFFIDAVIT:** That Defendant(s) unlawfully detains and withholds from Plaintiff(s):
1207 Palmyra Avenue, Kraemer Apt. 1-A, Richmond, VA 23227
ADDRESS/DESCRIPTION OF DETAINED PROPERTY

and that the Defendant should be removed from possession based on the following:

[ ] Unpaid rent **but seeking possession only**
and further that rent is due and owing and damages have been incurred as follows:

$ _____ rent due for _____ and interest

and $ _____ late fee and $ _____ damages for _____
PERIOD                                        RATE(S) AND BEGINNING DATE(S)

and $ _____ costs and $ _____ civil recovery and $ _____ attorney's fees.

[ ] This summons is filed to terminate a tenancy pursuant to § 8.01-126.

All required notices have been given.

Constance S. Wadsworth
(name)
_____
PLAINTIFF | PLAINTIFF'S ATTORNEY | PLAINTIFF'S AGENT

DATE AND TIME _____ day of November, 20 10

_____
[ ] CLERK | [ ] DEPUTY CLERK | [X] MAGISTRATE | [ ] NOTARY PUBLIC

[ ] City [X] County of Henrico

**CASE/DISPOSITION**

[X] JUDGMENT that Plaintiff(s) recover against [X] named DEFENDANT(S).
[ ] possession of the premises described above pursuant to § 8.01-128.
[ ] A hearing shall be held on _____ to establish final rent and damages.

[ ] Immediate writ of possession authorized pursuant to Virginia Code.
[ ] _____ based upon a judgment of default for [ ] landlord/[ ] tenant.
The nonpayment of rent [ ] immediate [ ] immediate termination.
§ 55-243 or § 55-248.34.

DEFENDANT(S) PRESENT: [ ] YES [ ] NO

[ ] Rent, in the sum of $ _____ with interest
and $ _____ late fee and $ _____ damages and
and $ _____ costs and $ _____ civil recovery and $ _____ attorney's fees.

**HOMESTEAD EXEMPTION WAIVED?** [ ] YES [ ] NO [ ] CANNOT BE DEMANDED
JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] POSSESSION [ ] YES [ ] NO
DEFENDANT(S) PRESENT: [ ] YES [ ] NO

_____
JUDGE

CASE NO. 7400052607

PLAINTIFF(S) NAME(S) (LAST, FIRST, MIDDLE)
Baptist Theological Seminary at
Richmond, and Wendell L. Ltd.
Tenant Properties, L.P.

DEFENDANT(S) NAME(S) (LAST, FIRST, MIDDLE)
Parker, Jr., Melvin or Roosevelt - Tenant
Parker, Tonia R. - Resident
1207 Palmyra Avenue, Kraemer Apt. 1-A
Richmond, VA 23227

**TO DEFENDANT:** You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location and your right to prevent this unlawful detainer action through payment of amounts owed.

[ ] To dispute this case, you **must** appear on the return date to try this case.

[X] To dispute this case, you **must** appear on the return date for the judge to set another date for trial.

If you fail to appear and a default judgment is entered against you, a writ of possession may be issued immediately for possession of the premises.

[ ] Bill of Particulars ordered _____ DUE DATE.

Grounds of Defense ordered _____ DUE DATE.

**ATTORNEY FOR PLAINTIFF(S)**
Daniel L. Rosenthal
2819 N. Parham Road # 110
Richmond, VA 23294
(804) 527-0699
TELEPHONE NUMBER

**ATTORNEY FOR DEFENDANT(S)**

_____

| HEARING DATE AND TIME |
| --- |
| 12/9/2010 |
| 10:00 a.m. |

[ ] Redemption tender presented; continued to: _____

HEARING DATE AND TIME

**FOR VA RESIDENTIAL LANDLORD AND TENANT ACT ONLY:**

[ ] Defendant must pay:

$ _____
[ ] Restricted into the court to be held in escrow by _____
DATE,
and any rents coming due prior to the next hearing date must also be paid into the court.

**MONEY JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION**

DATE _____

CLERK _____

JUDGE'S INITIALS

**DISABILITY ACCOMMODATIONS** for loss of vision, hearing, mobility, etc. Contact the court ahead of time.

Exhibit 3

VIRGINIA:

### IN THE GENERAL DISTRICT COURT OF THE CITY OF RICHMOND

| | |
|---|---|
| BAPTIST THEOLOGICAL SEMINARY )<br>AT RICHMOND, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MONROE R. PARKER, JR., )<br>)<br>Defendant. ) | Case No.: GV10052607-00 |

### ORDER

THIS MATTER came to be heard for trial and other matters on December 28, 2010. The Plaintiffs were present through counsel, Daniel L. Rosenthal and Richard K. Bennett and by their witness, James F. Peak, Jr., Ph.D., chief financial officer and director of student housing for Plaintiff Baptist Theological Seminary at Richmond ("BTSR"). The Defendant, Monroe Parker, Jr. was present *pro se* and cross examined the witness and argued his case but did not testify on his own behalf.

On the testimony and exhibits elicited at trial, the arguments of the Defendant and counsel for the Plaintiffs *ore tenus*, the Court makes the following findings:

1)    The U.S. District Court for the Eastern District of Virginia, Richmond Division, duly remanded this matter to this Court through its December 16, 2010 Order;

2)    The U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division, through its November 12, 2010 Order, found that the Defendant does not have and may not assume any executory contract(s) relating to the subject matter apartment at BTSR and that the Plaintiffs were granted relief from the automatic stay in order to enforce their rights under the applicable law relating to the (subject matter) apartment;

3)    Nothing further in the Bankruptcy Code or orders entered in this case by other judges further prohibits the Plaintiffs from proceeding to trial to try to obtain possession of the (subject matter) apartment;

4)      This Court has both personal and subject matter jurisdiction to hear and decide disputed issues in the case;

5)      The subject dispute does not fall within the purview of the Virginia Residential Landlord and Tenant Act as the Plaintiffs offer housing incidental to providing religious and educational services, an exception to the Act. See §55-248.5(1) of the Code of Virginia;

6)      The Defendant has lived in the subject BTSR property since late July 2010 and has paid no rent, despite a $715.00 per month rental charge for seminary housing;

7)      The Defendant has not registered for classes and is not a bona fide student at BTSR;

8)      BTSR student housing rules permit only BTSR students to occupy BTSR housing;

9)      The Defendant made purported payments for an acceptance deposit, security deposit and first month's rent on August 9, 2010 but the payments were returned by his bank as having insufficient funds.  No further attempts at payment of rent and security deposit have been made by the Defendant;

10)     The Defendant was asked to sign a written lease with BTSR but chose not to do so and has not done so;

11)     At the very best, the Defendant's status is that of a tenant at sufferance;

It is therefore ORDERED, ADJUDGED and DECREED that

The Plaintiffs are granted 10-day possession of the subject property. Any appeal of this Order by the Defendant shall be subject to the posting of an appeal bond within 10 days in an amount equal to three month's rent, or $2,145.00 plus the Defendant's costs. Further, by this Order, the Court finds it proper to nonsuit Tonia R. Parker from this case, *nunc pro tunc*, to December 1, 2010.

The Clerk is directed to send a certified copy of this Order to counsel of record and to the Defendant at the addresses that follow.

ENTER: 12/28/10

Robert A. Pustilnik, Judge
General District Court of the City of Richmond

City of Richmond General District Court
Civil Division
I, the undersigned clerk or deputy clerk of the above-named court authenticate pursuant to Va. Code §8.01-391(C) on this date that the document to which this authentication is affixed is a true copy of a record in the above-named court, made in the performance of my official duties

Date ____    ☐ Clerk    ☒ Deputy Clerk

2

WE ASK FOR THIS:

_Daniel L. Rosenthal (VSB No. 31342)_
Law Office of Daniel L. Rosenthal
Co-Counsel for the Plaintiffs
2819 N. Parham Road, Suite 110
Richmond, VA 23294-4425
Phone: (804) 527-0699
Facsimile: (804) 270-4618


_Richard K. Bennett (VSB No. 14724)_
Co-Counsel for the Plaintiffs
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Facsimile: (804) 747-6085

*Signature waived by the Court*

SEEN AND OBJECTED TO:



Monroe R. Parker, Jr., *pro se*
1207 Palmyra Avenue
Kraemer Apt. 1A
Richmond, VA 23227

Official Form 16D
(12/04)

BALTIMORE-NIGHT BOX

**Form 16D. CAPTION FOR USE IN ADVERSARY PROCEEDING**

2011 JAN 6  PH 5: 38

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

# United States Bankruptcy Court

_____ District Of *Maryland*

| | |
|---|---|
| In re *Monroe R. Parker, Jr.*<br>Debtor | ) ) Case No. *10 - 38938*<br>) )<br>*Monroe R. Parker, Jr.*<br>Plaintiff ) Chapter *7*<br>) ) ) )<br>*Baptist Theological Seminary*<br>Defendant (S)<br>*at Richmond, et al.* ) Adv. Proc. No._____ |

**COMPLAINT** [*or other Designation*]

*Jury Trial Demand*

[If in a Notice of Appeal (see Form 17) or other notice filed and served by a debtor, this caption must be altered to include the debtor's address and Employer's Tax Identification Number(s) or last four digits of Social Security Number(s) as in Form 16A.]

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### At Baltimore

| | | |
|---|---|---|
| In Re: | * | Case No.: 10-38938 |
| Monroe Roosevelt Parker, Jr. & | | |
| Tonia Rochelle Parker | * | Chapter 7 |
| | | |
| Debtors | * | |
| | * * * * * | |
| | | |
| Hickory Hill LLC | * | |
| d/b/a Ruark Management/Ruark Rentals | | |
| P.O. Box 3754 | * | |
| Salisbury, MD 21802 | | |
| | * | |
| Movant | | |
| | * | |
| v. | | |
| | * | |
| Monroe Roosevelt Parker, Jr. & | | |
| Tonia Rochelle Parker | * | |
| | | |
| Debtors | * | |
| | | |
| and | * | |
| | | |
| Joseph J. Bellinger | * | |
| 8171 Maple Lawn Blvd. | | |
| Maple Lawn, MD 20759 | * | |
| | | |
| Trustee | * | |
| | * * * * * | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Hickory Hill LLC (hereinafter "Movant"), by and through its attorney Philip C. Smith, and Long, Badger, Sheller & Smith, LLP hereby files this Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362 and for reason states as follows:

1.     The Movant is a limited liability company with its principal place of business in Wicomico County, State of Maryland.

2.     That on December 27, 2010 Debtors Monroe Roosevelt Parker, Jr. and Tonia Rochelle Parker (hereinafter "Debtors") initiated proceedings in this Court seeking relief under Chapter 7 of 11 U.S.C. which Petition was assigned case no.: 10-38938. This Court has jurisdiction over the issues raised by this Motion, pursuant to 28 U.S.C. §157 and §1334 and in accordance with 11 U.S.C. §362. This is a civil court proceeding arising under, or arising on or to a case under Title 11 of the U.S. Code, by which Movant seeks to modify the stay imposed by §362 in order to protect its interest in its property.

3.     That on December 27, 2010 Joseph J. Bellinger was appointed Trustee of the estate of Debtors and was duly qualified.

4.     That at the time of these proceedings, Movant was the owner of parcel of real estate located in Salisbury, Maryland with an improved apartment residence known as 605 Riverside Drive, Apartment B, Salisbury, Maryland 21801.

5.     Movant agreed to rent the residence to Debtor Tonia Rochelle Parker so long as Debtors pursuant to a lease attached hereto and incorporated herein as Exhibit A.

6.     Movant agreed to rent the premises to Debtor Tonia Rochelle Parker for a period of twelve (12) months from July 13, 2009 to July 31, 2010.

7.     The twelve (12) month Lease provided for automatic renewal on a month-to-month basis at the termination date of the Lease unless either party chose to terminate the renewal by providing a sixty (60) day notice to vacate.

8.      The Movant delivered to the Debtor Tonia Rochelle Parker on August 23, 2010 the 60 day notice to vacate the premises because the Movant chose not to renew the Lease pursuant to its terms.

9.      The Debtors refuse to relinquish possession of Movant's property and have failed to make any rent payments for the past nine months (May, June, July, August, September, October, November, December and January).

WHEREFORE, Movant prays that this Court grant the following relief:

1.      That this Court enter an Order lifting and terminating the stay of §362 to enable Movant to proceed with any lawful procedure to remove Debtors from the Movant's property and for Movant to obtain possession of its property.

2.      That this Court grant such other and further relief as may be necessary.

Respectfully submitted,

DATE: January 6, 2011

/S/ Philip C. Smith
Philip C. Smith, Attorney for Movant
Federal Bar Number  08406
Long, Badger, Sheller & Smith, LLP
124 East Main Street
Salisbury, MD 21801
Phone: 410-749-2356
Fax:    410-749-1822
Email: psmith@longbadger.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2011, a copy of the foregoing Motion for Relief from Automatic Stay was mailed via first class mail, postage prepaid, to Tonia Rochelle Parker and Monroe Roosevelt Parker, 605-B Riverside Avenue, Salisbury, MD 21801 and to the Trustee, Joseph J. Bellinger, 8171 Maple Lawn Blvd., Maple Lawn, MD 20759.

/S/ Philip C. Smith
Philip C. Smith, Attorney for Movant
Federal Bar Number  08406

Long, Badger, Sheller & Smith, LLP
124 East Main Street
Salisbury, MD 21801
Phone: 410-749-2356
Fax:    410-749-1822
Email: psmith@longbadger.com

F:\L\9-0916\Parker II Motion

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### At Baltimore

| | | |
|---|---|---|
| In Re: | * | Case No.: 10-38938 |
| Monroe Roosevelt Parker, Jr. & | | |
| Tonia Rochelle Parker | * | Chapter 7 |
| | | |
| Debtors | * | |

\* \* \* \* \*

Hickory Hill LLC                    *
d/b/a Ruark Management/Ruark Rentals
P.O. Box 3754                       *
Salisbury, MD 21802
                                    * ·
    Movant
                                    *
v.
                                    *
Monroe Roosevelt Parker, Jr. &
Tonia Rochelle Parker              *

    Debtors                        *

and                               *

Joseph J. Bellinger               *
8171 Maple Lawn Blvd.
Maple Lawn, MD 20759              *

    Trustee                       *

\* \* \* \* \*

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY
### AND HEARING THEREON

Hickory Hill LLC, Movant has filed papers with the Court seeking relief from the Automatic Stay of 11 U.S.C. §362(a) to enable it to proceed to take action to evict the Debtors from the Movant's property known as 605 Riverside Drive, Apartment B, Salisbury, Maryland.   Your rights may be affected.   You should read these papers carefully and discuss them with your lawyer, if you have one, in this bankruptcy case. (If you do not have a lawyer, you may wish to consult one.)

If you do not want the Court grant the Motion for Relief from Stay or if you want the Court to consider your views on the Motion, then by January 25, 2011, you or your lawyer must file a written response with the Clerk of the Bankruptcy Court explaining your position and mail a copy to:

Philip C. Smith, Esq.
Long, Badger, Sheller & Smith, LLP
124 East Main Street
P.O. Box 259,
Salisbury, MD 21803-0259
Attorney for Movant

Joseph J. Bellinger
8171 Maple Lawn Blvd.
Maple Lawn, MD 20759
Trustee

If you mail rather than deliver your response to the Clerk of the Bankruptcy Court for filing you must mail it early enough so that the Court will receive it by the date stated above.

The hearing is scheduled for February 15, 2011 at 10:00 a.m., United States Bankruptcy Court, Salisbury Post Office, 129 East Main Street, Room 104, Salisbury, Maryland 21801.

IF YOU OR YOUR LAWYER DO NOT TAKE THESE STEPS BY THE DEADLINE THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.

DATE: January 6, 2011                    /S/ Philip C. Smith
                                         Philip C. Smith, Attorney for Movant
                                         Long, Badger, Sheller & Smith, LLP
                                         124 East Main Street
                                         Salisbury, MD 21801
                                         Phone: 410-749-2356

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2011, a copy of the foregoing Notice of Motion for Relief from Automatic Stay was mailed via first class mail, postage prepaid, to Tonia Rochelle Parker and Monroe Roosevelt Parker, 605-B Riverside Avenue, Salisbury, MD 21801 and to the Trustee, Joseph J. Bellinger, 8171 Maple Lawn Blvd., Maple Lawn, MD 20759.

                                         /S/ Philip C. Smith

**Philip C. Smith, Attorney for Movant**

F:\L\9-0916\ Parker II Notice

Form ntchrgbk

# UNITED STATES BANKRUPTCY COURT
## District of Maryland

Baltimore Division
101 West Lombard Street, Ste. 8530
Baltimore, MD 21201

Bankruptcy Proceeding No.:   10-38938
Judge:   Duncan W. Keir

In Re:   Monroe Roosevelt Parker, Jr. and Tonia Rochelle Parker
          Debtor(s)

PLEASE TAKE NOTICE that a hearing will be held

at U.S. Post Office Building, 129 East Main Street, Room 104, Salisbury, MD 21801

on 4/19/11 at 10:00 AM

to consider and act upon the following:

15 − Motion For Sanctions for Violation of the Automatic Stay Filed by Monroe Roosevelt Parker Jr.. (Attachments: # (1) Notice of Motion # (2) Exhibit 1# (3) Exhibit 2# (4) Exhibit 3# (5) Exhibit 4# (6) Exhibit 5) (Burkhart, Mary)

27 − Opposition on behalf of McGuireWoods LLP, Lori M. Scott, K. Elizabeth Sieg Filed by Andrew L. Cole (related document(s)15 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Monroe Roosevelt Parker). (Attachments: # (1) Exhibit Exhibit 1 − Scott Declaration# (2) Exhibit Exhibit 2 − Sieg Declaration# (3) Exhibit Exhibit 3 − Slaughter Declaration# (4) Exhibit Exhibit 4 − Virginia Bankruptcy Docket# (5) Exhibit Exhibit 5 − Virginia Motion for Relief from Stay# (6) Exhibit Exhibit 6 − Order Granting Relief from Stay# (7) Proposed Order Proposed Order Denying Motion) (Cole, Andrew)

## NOTICE TO MOVING PARTY

**A service list or certificate of service regarding parties noticed by the court may be obtained through CM/ECF or PACER. If you believe that a party entitled to notice is not listed, please provide notice to that party forthwith and file an appropriate certification with the Clerk's office.**

Dated: 3/9/11

Mark D. Sammons, Clerk of Court
by Deputy Clerk, Jennifer
Whitfield301−344−3326

Entered: March 10, 2011
Signed: March 09, 2011
**SO ORDERED**



**DUNCAN W. KEIR**
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)**

| | | |
|---|---|---|
| **IN RE:** | * | |
| **MONROE ROOSEVELT PARKER, JR.** *et ux.*, | * | **CASE NO. 10-38938** |
| **DEBTORS.** | * | **CHAPTER 7** |
| * * * * * * | * | * * * * * |

**ORDER CONSOLIDATING MOTION FOR SANCTIONS [DKT. NO. 15]
INTO ADVERSARY PROCEEDING 11-0013**

Having read and considered the *Motion to Consolidate Motion for Sanctions [Dkt. No.
15] into Adversary Proceeding 11-0013* (the "Motion") filed by Baptist Theological Seminary at
Richmond, James F. Peak, Jr., Tiffany K. Pittman, Ida Mae Hays, Ronald N. Crawford, Olivia
Dawson, Lori M. Scott, K. Elizabeth Sieg, McGuireWoods LLP, Richard K. Bennett, Harman,
Claytor, Corrigan & Wellman and Daniel L. Rosenthal, and any response thereto, the relief
requested appearing appropriate under the circumstances, it is hereby:

**ORDERED**, that the Motion is Granted; and it is further

**ORDERED**, that the *Motion for Sanctions for Violation of the Automatic Stay* [Dkt. No.
15] (the "Motion for Sanctions") is hereby consolidated into Adv. Proc. 11-0013.

cc:

Andrew L. Cole
Franklin & Prokopik
The B&O Building
Two N. Charles St., Ste. 600
Baltimore, MD 21201
acole@fandpnet.com

*Attorneys for Baptist Theological
  Seminary at Richmond, James F. Peak, Jr.,
  Tiffany K. Pittman, Ida Mae Hays,
  Ronald N. Crawford, Olivia Dawson,
  Lori M. Scott, K. Elizabeth Sieg,
  and McGuireWoods LLP*

Matthew A. Ranck
Erin A. Cohn
Richard J. Berwanger, Jr.
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
Ranck@ewmd.com
cohn@ewmd.com
berwanger@ewmd.com

*Attorneys for Richard K. Bennett,
  Harman, Claytor, Corrigan & Wellman
  and Daniel L. Rosenthal*

Monroe Roosevelt Parker, Jr.
Tonia Rochelle Parker
605-B riverside Drive
Salisbury, MD 21801

*Debtors*

Joseph J. Bellenger, Esq.
Offit Kurman
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759

*Chapter 7 Trustee*

**End of Order**

2

United States Bankruptcy Court
District of Maryland

Chapter: 13

In Re:
Monroe R. Parker, Jr.
and Tonia R. Parker,
Debtor(s)

Chapter: 7
Case No. 10-38938

Monroe R. Parker, Jr.,
and Tonia R. Parker,
Co-Plaintiff(s),

11-00480

v.

Sharp Energy, Inc.,
Bob Zola (President),
Holly Smith (Credit and
Collections Mgr.), Chessie
(Unknown last name/Truck #
ST 0627/Tag # Md 40J000),
Ruark Rentals, Delmarva
Power & Light Company, (Rochelle E. Thomas) and
Kim Ortega (Ruark Rentals),
et al.,         Defendants.

Adversary No.: _____
JURY TRIAL DEMAND

2011 JUN 16 AM 7:24

Monroe R. Parker, Jr. and Tonia R. Parker, plain-
tiff(s) bring this adversary proceeding/civil action ag-
ainst the named defendants by and through their

official registered agents in their individual
and official capacities and respectfully represent:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant
to Bankruptcy Rule 7001 (1), 11 U.S.C. 547, 11 U.S.C. 548, and
11 U.S.C. 550. This is a Core proceeding under 28 U.S.C.
157 (b)(2)(E) and (H).

2. This Court has venue over this matter pursuant
to 28 U.S.C. 1409.

3. This adversary proceeding relates to the matter
of Monroe R. Parker, Jr. and Tonia R. Parker, a case
pending under chapter 7 of the Bankruptcy Court
in the United States Bankruptcy Court for the District
of Maryland, Baltimore vicinage.

### THE PARTIES

4. The debtor(s) are individuals with a principal residence
located in the State of Maryland. The debtors are prot-
ected under Chapter 7 of the United States Bankruptcy
Code, 11 U.S.C. 101, et seq., (the "Bankruptcy Code") as that
term is defined by 109 of the Bankruptcy Code.

### FACTS UNDERLYING THE CLAIMS

5. On November 27, 2010, the debtors filed a Petition com-

der Chapter 7 of the Bankruptcy Code.

6. On or about [     ] 3, 2011, the debtor(s) were directed to amend their schedules, and to include all assets and liabilities. This action included all of the creditors of debtors.

7. On or before June 3, 2011, and again on or about June 10, 2011, debtors faxed copies of the Notice of filing, Amended Schedules, and a certificate of Service to Holly Smith and Sharp Energy, Rachelle E. Thomas, and other creditors.

8. On monday June 13, 2011, Holly Smith directed a driver from Sharp Energy (Chessie, truck # 570627), to disconnect the gas service at 27060 Ocean Gateway, Hebron, Maryland 21830. On monday June 12, 2011, Rachelle E. Thomas directed a driver from Delmarva Power to disconnect the Electric service at 27060 Ocean Gateway, Hebron, Maryland 21830.

9. All creditors were served with copies of the Notice of Filing. All creditors chose to ignore the automatic stay, and proceeded to collect a debt which is dischargeable under Chapter 7. This action constitutes a willful violation of the automatic stay.

(3)

10. An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages.

11. A willful violation does not require "specific intent" to violate the automatic stay; nor will a "good faith" belief that an action was not violative of section 362 preclude a finding that the action was, in fact, a "willful" violation. Rather, the test is usually characterized in terms of whether a creditor took some collection action despite its knowledge that the debtor had filed a bankruptcy petition.

12. The debtors have been injured by these collection efforts by the defendants, refusal to adhere to the automatic stay and the violations were willful and intentional. Holly Smith told debtor that her attorney instructed her to ignore the bankruptcy notice of filing. Rochelle E. Thomas put in her notes at Elmmra Bush, that the chapter 7 would not stop the disconnect action. Kim Ortega and Ruark Rentals told state court they were suing for possession only, then attempted to extort $14,000 from co-debtor in the form of post-eviction damages, yet, none of the creditors filed a claim, nor a motion objecting to the discharge by the deadline, after receiving notice of the filing.

(4)

WHEREFORE, the plaintiff(s) demands judgment against the defendants on all Counts:

(a) for damages in the amount of $850,000.00;
(b) for interest and costs of suit; and;
(c) jury trial demand;
(d) motion for sanctions and injunctive relief.

RESPECTFULLY SUBMITTED,

MONROE R. PARKER, JR.

TONIA R. PARKER

27060 Ocean Gateway
Hebron, Maryland 21830
(410) 677 - 3003 (v)
(410) 677 - 3044 (f)

2011 JUN 16  AM 7:24

(5)

Entered: August 09, 2011   **Case 10-38938   Doc 75   Filed 08/09/11   Page 1 of 4**

Signed: August 08, 2011

**SO ORDERED**

**Any reply by Debtors to the responses to Debtors' motion for sanction, shall be filed no later than August 18, 2011.**



**DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE**

---

B20A (Official Form 20A) (Notice of Motion or Objection) (12/10)

BALTIMORE - NIGHT BOX

2011 AUG -2  PM 10:07 **United States Bankruptcy Court**

US BANKRUPTCY COURT                          District of _Maryland_

In re  _Monroe + Tonia Parker_
[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]

                                    Debtor

Address   _27060 Ocean Gateway_
          _Hebron, Maryland 21830_                          Case No. _10-38938_

Last four digits of Social Security or Individual Tax-payer Identification     Chapter  _7_
(ITIN) No(s).,(if any): _____

Employer's Tax Identification (EIN) No(s).(if any): _____

**NOTICE OF [MOTION TO ] [OBJECTION TO ]**
_Motion for Extension Of Time To Answer_
[relief sought in motion or objection].

_Monroe/Tonia R. Parker_ filed papers with the court to [relief sought in motion or objection].

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    If you do not want the court to [relief sought in motion or objection], or if you want the court to consider your views on the [motion] [objection], then on or before _(date)_ , you or your attorney must:

    [File with the court a written request for a hearing (or, if the court requires a written response, an answer, explaining your position) at]

    (address of the bankruptcy clerk's office)   _101 W. Lombard Street_
                                                  _Baltimore, Maryland 21201_

    If you mail your [request] [response] to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

    You must also mail a copy to:

    (movant's attorney's name and address)   _Monroe + Tonia Parker_
                                             _27060 Ocean Gateway_
    (names and addresses of others to be served)  _Hebron, Maryland 21830_

    [Attend the hearing scheduled to be held on _(date)_ , _(year)_ , at ____ a.m./p.m. in Courtroom ____, United States Bankruptcy Court, (address).]

    [Other steps required to oppose a motion or objection under local rule or court order.]

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _August 2, 2011_           Signature: _Monroe R. Parker_
                                 Name: _Monroe R. Parker, Jr._
                                 Address: _27060 Ocean Gateway_
                                          _Hebron, Maryland 21830_
                                          _Tonia R. Parker_
                                          _Tonia R. Parker_
                                          _27060 Ocean Gateway_
                                          _Hebron, Maryland 21830_

DA

# United States Bankruptcy Court
## District of Maryland

In Re:

Monroe + Tonia Parker
                        Debtor(s)          Case No. 10-38938
                                            Chapter: 7

Address:

27060 Ocean Gateway
Hebron, Maryland 21830

FILED
2011 AUG -3 AM 7:31

Last four digits of Social Security No(s):
3895, 8092

NOTICE OF MOTION (NOTICE OF APPEAL)
MOTION REQUESTING AN EXTENSION OF TIME
TO REPLY TO DEFENDANT(S) MOTION TO
DENY MOTION FOR SANCTIONS

Now comes debtor(s) Monroe & Tonia R. Parker,
who have filed a Motion for Sanctions, and
several creditors through and by their attorneys
of record, have objected, and all responded by filing
a Motion to Dismiss, Debtors having received
the said motions on or about July 23, 2011, do
request an extension of time to respond to
certain aspects of the defendant(s) motion.

That the affidavit of Miles Scott is false, erroneous and plagued with intentional mis-representations. That debtors are filing affid-avits of their own, and will be supplying this Court with other forensic evidence to show that their automatic stay has not expired. That they are entitled to ten days, plus three days for mailing, and are entitled to respond to erroneous facts by counsel.

Wherefore, for the following reasons, debtors request the foregoing relief, sua sponte.

Dated: August 2, 2011

Monroe R. Parker, Jr.
Monroe R. Parker, Jr.
27060 Ocean Gateway
Hebron, Md. 21830

Tonia R. Parker
Tonia R. Parker
27060 Ocean Gateway
Hebron, Md. 21830

(2)

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Debtors Monroe R. Parker, Jr. and Tonia R. Parker's Motion for Extension of Time has been served upon the opposing parties through first-class mail: on this 2nd day of July, 2011:

Philip C. Smith
Long, Badger, Sheller & Smith, LLP
124 East Main Street
Salisbury, Md. 21801

Andrew L. Cole
Franklin + Prokopik
The B&O Building
Two N. Charles St. Ste. 600
Baltimore, Md. 21201

Richard John Berwanger
Eccleston + Wolf, P.C.
7240 Parkway Drive
4th Floor
Hanover, Maryland 21076

Diligentsia Capital Group, LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue Ste. 1120
Miami, Florida 33131-1605

Victor A. Laws, III
Laws + Sarbanes, P.A.
209 East Main Street
P.O. Box 75
Salisbury, Md. 21803-0075

Jack E. Strausman
PEPCO Holdings, Inc.
701 Ninth Street, NW, Ste. 1100
Washington, DC 20068

Monroe R. Parker, Jr.
Monroe R. Parker, Jr.

Tonia R. Parker
Tonia R. Parker

(3)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Debtors Monroe R. Parker, Jr. and Tonia R. Parker's has served a true and correct copy of their reply to the following persons:

Weinstock, Friedman & Friedman, P.A.
Marc E. Shach
Shannon B. Kreshtool
4 Reservoir Circle
Baltimore, MD        21208

Joseph J. Bellinger
Chapter 7 Trustee
8171 Maple Lawn Boulevard, Suite 200
Fulton, MD        20759

Diligentsia Capital Group, LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL    33131-1605

(4)

Max Recovery Inc
P.O. box 10228
Newark, NJ 07128-0228

Main Street Acquisitions Corp.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA. 19355-0701

Andrew L. Cole, Esq.
Franklin & Prokopik
The B+O Building
Two N. Charles St. Ste. 600
Baltimore, Md. 21201-3723

Philip C. Smith
Long, Badger, Sheller+Smith, LLP
124 East Main Street
Salisbury, Md. 21801

Richard John Berwanger
Eccleston + Wolf, P.C.
7240 Parkway Drive, 4th Floor
Hanover, Md. 21076

Victor H. Laws, III
Laws + Sarbanes, P.A.
209 East Main Street
P.O. Box 75
Salisbury, Md. 21803

Jack E. Strausman
PEPCO Holdings, Inc.
701 Ninth Street, NW, Ste. 110
Washington, D.C. 20068

Monroe R. Parker, Jr.
Monroe R. Parker, Jr.

(5)

Entered: August 19, 2011
Signed: August 18, 2011
**SO ORDERED**



**DUNCAN W. KEIR**
**U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | : | |
| Monroe Roosevelt Parker, Jr. | | |
| Tonia Rochelle Parker, | : | **Case No. 10-38938-DK** |
| | | **Chapter 7** |
| **Debtors.** | : | |
| ─────────────────────── | : | |
| Monroe Roosevelt Parker, Jr., | : | |
| Tonia Rochelle Parker, | | |
| | : | |
| **Movants,** | | **Motion P.67** |
| v. | : | |
| Union Institute & University, | : | |
| **Respondent.** | : | |

### ORDER DENYING MOTION IN PART AND SETTING HEARING ON REMAINING ISSUE

Before the court is the Debtors' Motion for Sanctions for Violation of Automatic

Stay. Respondent, Union Institute & University, filed a responsive pleading to the Motion

for Sanctions.

On December 27, 2010, Monroe Roosevelt Parker, Jr. ("M.Parker") and Tonia

Rochelle Parker ("T.Parker") filed this joint bankruptcy case under chapter 7 of the

Bankruptcy Code. Between them, they have nine prior bankruptcy cases. Most recently,

T.Parker had pending at the time of filing a chapter 13 case in this court (Case No. 10-36705), which was dismissed on January 3, 2011 after the filing of the joint chapter 7 case. M.Parker had a chapter 13 case pending in the Eastern District of Virginia (Case No. 10-36592) which had been dismissed on December 15, 2010. Neither Debtor sought an extension of the automatic stay, thus in accordance with 11 U.S.C. § 362(c)(3), the automatic stay terminated automatically 30 days after filing.

The Motion for Sanctions alleges both that Respondent took collection action against or both Debtors in violation of the automatic stay and further denied further student loan aid or access to classes based upon the Debtors' bankruptcy filing.

To the extent that the Motion for Sanctions seeks relief based upon a violation of automatic stay, the court finds that no stay was in existence during the time within which such alleged acts occurred and therefore no relief can be granted.

However, it is unclear to the court whether the acts alleged by the Motion (if proven) are sufficient to support a finding of relief under Section 525(c)(1).

Wherefore, it is by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion for Sanctions is denied in part as described in this Order; and it is further

ORDERED, that the court will conduct a status conference on the Motion as it may pertain to 11 U.S.C. § 525(c)(1), at 10:00a.m., on October 18, 2011, at the Bankruptcy Court, Salisbury Post Office, 129 East Main Street, Room 104, Salisbury, Maryland 21801.

- 2 -

cc:
Debtors
Chapter 7 Trustee
Office of the United States Trustee

Marc E. Shach, Esquire
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, MD 21208

**End of Order**

2011 AUG 19 AM 7: 35

BALTIMORE-NIGHT BOX

# United States Bankruptcy Court
## District Of Maryland

2011 AUG 19 PM 6: 12

BANKRUPTCY COURT

In re:                                    Case No. 10-38938 DWK

Monroe R. Parker, Jr.,                    Chapter: 7
        Debtor.

Debtor's Reply To Union Institute
& University And Its Attorneys' Res-
ponse To The Parker's Motion For
Sanctions For Violation Of The Automatic
Stay.

Debtors show that based upon applicable
law, not slander the debtors, the racial
discrimination that the institution have subj-
ected the Parker(s) to, the defense counsel has
not taken into consideration all of the facts
of this particular case.

The attorneys referenced in the Motion for Sanction
are Graydon Head & Ritchey LLP/Jeffrey M. Hend-
ricks Esq., 1900 Fifth Third Center, 511 Walnut
Street, Cincinnati, Ohio 45202. These attorneys
by Miles Scott and Edward Walton's own admission
directing the University to deny debtor Monroe R.
Parker, attendance to the July 2011 residency.

①

Counsel failed to mention that this present Bankruptcy is a joint case, and that his wife is a joint debtor on all of his debts, and that this statute (11 U.S.C. 362 (c)(3)(A)), is not applicable here. The debtor(s) were not limited to thirty days as averred by the creditors.

Contrary to counsel, debtor was not disqualified from recieving the financial aid under his agreement with Federal Direct. Debtor did not owe $5,324.00 for the January term. Jami C. (a professor at CCIU directed Toni Gregory to drop debtor from her class, which Miles Scott used to deny debtor his financial aid and registration for the July 2011 term.

Debtor did not apply for the July 2011 term, and he was not denied admission to the July 2011 term. Neither Scott, nor Marc E. Shack has a PhD, nor do they understand how the program works at, University. The creditors nor their attorney have ever filed a claim or motion to withdraw the Automatic Stay.

Judge Keir has changed his course with the other creditors, who on March of 2011, filed a motion To Withdraw the automatic stay (Ruark Rentals), nor

(2)

to avoid any liability, they change course and piggy-back off this motion and allege, "well the stay had expired," this does not fly well in the 4th Circuit.

Counsel cites Texas law, however, Haines v. Kerner, supra, has never been denied by the United States Supreme Court. It is well-settled law, that a pro se litigant cannot be held to the same stringent pleading requirements, as counsel. However, Mrs. Parker was a part of this joint bankruptcy, her first case was not dismissed until after December 27, 2010. In March of 2011, Judge Kein ruled that these same creditors committed technical violations of the Automatic stay.

Conclusion

For the foregoing reasons, Union Institute & University and its attorneys' Motion to Deny The Motion for Sanctions for violation of the Automatic stay, Debtor began his studies in July 2010, and the initial stay covered the controversy from the beginning.

Respectfully submitted,

Monroe R. Parker Jr.

August 18, 2011

Monroe R. Parker, Jr.
27060 Ocean Gateway
Hebron, Md. 21830 (3)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Debtors Monroe R. Parker, Jr. and Tonia R. Parker's has served a true and correct copy of their reply to the following persons:

Weinstock, Friedman & Friedman, P.A.
Marc E. Shach
Shannon B. Kreshtool
4 Reservoir Circle
Baltimore, MD     21208

Joseph J. Bellinger
Chapter 7 Trustee
8171 Maple Lawn Boulevard, Suite 200
Fulton, MD     20759

Diligentsia Capital Group, LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL   33131-1605

(4)

Max Recovery Inc
P.O. box 10228
Newark, NJ 07128-0228

Main Street Acquisitions Corp.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA. 19355-0701

Andrew L. Cole, Esq.
Franklin & Prokopik
The B+O Building
Two N. Charles St. Ste. 600
Baltimore, Md. 21201-3723

Philip C. Smith
Long, Badger, Sheller+Smith, LLP
124 East Main Street
Salisbury, Md. 21801

Richard John Berwanger
Eccleston + Wolf, P.C.
7240 Parkway Drive, 4th Floor
Hanover, Md. 21076

Victor H. Laws, III
Laws + Sarbanes, P.A.
209 East Main Street
P.O. Box 75
Salisbury, Md. 21803

Jack E. Strausman
PEPCO Holdings, Inc.
701 Ninth Street, NW, Ste. 800
Washington, D.C. 20068

Monroe R. Parker Jr.
Monroe R. Parker, Jr.

(5)

Entered: August 17, 2011
Signed: August 17, 2011

**DENIED**
**The motion is premature. There is no**
**cognizable issue as to admission of**
**exhibits that is before the court.**



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MARYLAND

In re:                                    Case No.:10-38938

Monroe R. Parker, Jr.                     Chapter: 7

And Tonia R. Parker

MOTION TO ADMIT EXHIBITS

Now Comes the debtors before this Court seeking a Court order

admitting his exhibits in support of the Motion For Sanctions

against UIU (Union Institute & University) for the following

reasons:

1. Debtors provided Miles Scott and Union Institute and

   University with a faxed & hard copy by first-class mail of

   the original & amended copies of the Chapter 7 complaint

   and all schedules on May 18, 2011. Debtors also mailed a

   copy on May 19, 2011.          Exhibit: 1

2. Debtors faxed a copy to Nicole Mayes-Boyd on July 8, 2011

   and asked her to provide a copy to Associate Dean Toni

   Gregory.                       Exhibit: 2

3. Debtor Monroe Parker emailed Mr. Miles Scott on June 5,

   2011@7:03 am, and posed the following question to him:

   Exhibit: 3

1

FILED

2011 JUL -6 PM 4:01

*. . . COURT
. . . YLAND
. . MORE*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

IN RE:

Monroe R. Parker, Jr.                   Chapter: 7

Tonia R. Parker                         Case No.: 10-38938

    Debtor(s)


MOTION FOR SANCTIONS FOR VIOLATION OF

THE AUTOMATIC STAY


Monroe R. Parker, Jr., and Tonia R. Parker, the debtor(s), move
for sanctions and against Union Institute & University and its
Attorneys, and respectfully represents.

1. On December 27, 2010, the Debtor(s) filed a voluntary
   petition under Chapter 7 in the District Of Maryland.

2. In March of 2011, the debtors were present at their 341
   hearing, pursuant to instructions from the Trustee, added
   additional creditors, including Union Institute&
   University.

3. The Parkers mailed a copy of their amended petition to
   Miles Scott& Union Institute & University on or about May
   18, 2011. The Parkers also faxed a copy to Miles Scott,
   which he later acknowledged via email.

1

4. Miles Scott is still trying to collect a debt that this
   Court notified Union Institute & University was being
   discharged on June 23, 2011.

5. This Court gave all creditors including UIU (also known as
   Union Institute & University) until June 21, 2011, to file
   their Motion to Object to the Dischargeability of the
   purported debt ($10,199.00).

6. Miles Scott, Edward Walton and the Registrar, willfully and
   intentionally violated the automatic stay, by denying him
   financial aid, flagging his student account with the
   $10,199.00, that is listed as a debt on debtor's schedule
   F.

7. UIU and its attorneys willfully violated the automatic stay
   by denying him financial aid, refusing to allow him to
   attend classes during this residency, denying him access to
   his financial aid package, for the second consecutive term,
   with knowledge that the petition had been filed. The
   creditor and its attorneys could have mitigated the damages
   caused by using a purported past due bill to keep him out
   of his PhD program when the Chapter 7 was brought to their
   attention, but they failed and refused to do so.

8. The debtor (Monroe) has suffered damages as a result of the
   willful violation of the stay, including, but not limited
   to: the Debtor was forced to seek counseling because of the

2

overwhelming acts of racism by the university and unnamed
professors. Debtor has asked the University's learner
Council, The Veterans Administration, and The United States
Department Of Education, to assist him, this alone has
added to the stress and emotional upset caused by the
creditor denying him his Constitutional Rights in violation
of the United States Constitution. The Debtor will need to
retain Counsel so he can prosecute this action.

9. Debtor believes that punitive damages are appropriate in
this case. Both the University, and their attorneys should
understand how bankruptcy works. It is indisputable that
they had knowledge of the debtor's bankruptcy case but
proceeded to flagrantly violate the automatic stay by
causing the financial hold to remain on the Debtor's
account, after more than four notices, including the United
States Bankruptcy Court(District Of Maryland).

WHEREFORE, the Debtor requests the following relief:

(1) Entry of an Order finding Union Institute & University
and its attorneys in contempt and in willful violation of
the automatic stay;

(2) An award of actual damages pursuant to 11 U.S.C.
§362(k)(1);

3

(3)  An award of the Debtor's costs and attorneys' fees for bringing this Motion;

(4)  An Award of punitive damages against UIU and its attorneys; and

(5)  Such other and further relief as the Court deems equitable and appropriate.

Respectfully Submitted:

Dated July 6, 2011 .

By: *Monroe R. Parker, Jr.*

Monroe R. Parker, Jr.

*Tonia R. Parker*

Tonia R. Parker

Debtor(s) Address:

27060 Ocean Gateway

Hebron, Maryland 21830

410-677-3003

4

### CERTIFICATE OF SERVICE

The debtors have caused the following persons to be served with a copy of this foregoing Motion for Sanctions and Notice of Motion, by first-class mail, postage-prepaid as follows:

Office of the Ombudsman
United States Department of Education
4th Floor UCP-3/MS 5144
830 First Street NE8
Washington, DC 20202-5144

Robert T. Conley (Registered Agent)
440 E. McMillan
Cincinnati, Ohio 45206

Ohio Board Of Regents
Dr. Walter A. Reiling, Jr.,Secretary
3600 State Office Tower
Columbus, Ohio 43215

Robert T. Conley
440 E. McMillian Street
Cincinnati, Ohio 45206

5

Edward Walton

Attention: Business Office

440 E. McMillan Street

Cincinnati, Ohio 45206


Graydon Head & Ritchey LLP

Jeffrey M. Hendricks, Esq.

1900 Fifth Third Center,

511 Walnut Street

Cincinnati, Ohio 45202


*Monroe R. Parker, Jr.*

Monroe R. Parker, Jr.

*Tonia R. Parker*

Tonia R. Parker

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at BALTIMORE

In Re:                                    *

Monroe R. Parker, Jr.                     *        Case No.     10-38938-DK
Tonia R. Parker                           *        Chapter      7
                                          *
                                          *
                  Debtor(s)               *

ORDER GRANTING
MOTION FOR SANCTIONS FOR VIOLATION OF THE
AUTOMATIC STAY

  Upon consideration of the Motion For Sanctions For Violation Of The Automatic Stay filed by

debtors, and good cause being shown, it is, by the United States Bankruptcy Court for the District of

Maryland,

  ORDERED, That the Motion For Sanctions For Violation Of The Automatic Stay   is hereby

granted.

cc:  All Parties
   All Counsel

Misc-44.6 -- 5/22/90

**End of Order**

Entered: February 17, 2011     Case 10-38938     Doc 25     Filed 02/17/11     Page 1 of 2
Signed: February 17, 2011

**SO ORDERED**



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### At Baltimore

| | | |
|---|---|---|
| **In Re:** | * | **Case No.: 10-38938** |
| **Monroe Roosevelt Parker, Jr** | * | **Chapter 7** |
| **Tonia Rochelle Parker** | | |
| **Debtors** | | |

              *       *       *       *       *

**Hickory Hill LLC Ruark Management**              *
**d/b/a Ruark Management /Ruark Rentals**
**P.O. Box 3754**                               *
**Salisbury, MD 21802**
                                     *

       **Movant**                             *

**v.**                                       *

**Monroe Roosevelt Parker, Jr.**
**Tonia Rochelle Parker**
                                   *

       **Debtors**                            *

**and**                                      *

**Joseph J. Bellinger**                        *

       **Trustee**                           *

              *       *       *       *       *

## ORDER FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of the Motion for Relief from Automatic Stay, and it appearing that the Trustee and the Debtor have failed to file a response to the Motion for Relief from Automatic Stay, it is hereby:

ORDERED that the Automatic Stay of 11 U.S.C. §362 is lifted and modified to permit Hickory Hill LLC to exercise any and all rights which it has as the Landlord with respect to the property that the Debtor is living in at 605 Riverside Drive, Apartment B, Salisbury, Maryland 21801 and to permit the Movant to evict the Debtor by any lawful means.


cc:   Philip C. Smith
      Debtors: **Monroe Roosevelt Parker, Jr. and**
               **Tonia Rochelle Parker**
      Trustee, Joseph J. Bollinger

F:\L\9-0916\Motion for Relief from Stay w. Order