Date signed March 22, 2011



_____
DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | : | |
| Monroe Roosevelt Parker, Jr. | : | Case No. 10-38938-DK |
| Tonia Rochelle Parker | | Chapter 7 |
| | : | |
| Debtors. | | |
| | : | |
| Monroe Roosevelt Parker, Jr. | | |
| | : | Adversary No. 11-0013 |
| Plaintiff, | | |
| | : | |
| v. | | |
| | : | |
| Daniel L. Rosenthal, et al, | | |
| | : | |
| Defendants | | |

AMENDED MEMORANDUM OF DECISION
(For Purposes of Adding Daniel L. Rosenthal as Co-Movant)

Plaintiff Monroe Roosevelt Parker ("Parker") commenced this adversary

proceeding asserting a right to damages in the amount of $1,000,000, plus punitive damages

asserting that Defendants violated the automatic stay which arose pursuant to Section 362(a)

of the Bankruptcy Code upon the filing of the underlying bankruptcy case. In the complaint,

Plaintiff incorporates by reference statements made in a Motion for Sanctions filed by

Plaintiff in the bankruptcy case.¹ Defendants Daniel L. Rosenthal, Richard K. Bennett, Harman, Claytor, Corrigan & Wellman, P.C., Baptist Theological Seminary at Richmond, James F. Peak, Jr., Tiffany K. Pittman, Ida Mae Hays, Ronald N. Crawford, and Olivia Dawson (collectively the "Movants") have filed a Motion to Dismiss (the "Motion to Dismiss") with attached document exhibits. Because the facts stated in that Motion to Dismiss and the attached exhibits include facts not stated in the Complaint, the court will review the Motion to Dismiss as a Motion for Summary Judgment. *See* Fed. R. Civ. Proc. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). No response to the Motion has been filed by Plaintiff.²

The underlying bankruptcy case is the most recent of five bankruptcy cases filed by Plaintiff either individually or jointly with his spouse, Tonia Rochelle Parker. Tonia Parker has filed a total of seven cases including two jointly with Plaintiff. The Plaintiff's most recent prior case was dismissed by the United States Bankruptcy Court for the Eastern District of Virginia on December 15, 2010. Prior to dismissal, upon a motion by Baptist Theological Seminary at Richmond ("BTSR"), the Bankruptcy Court granted relief from the automatic stay to allow BTSR to proceed to evict Plaintiff from student housing. In the Order granting relief from stay, that Court found: "[Plaintiff] does not have a viable executory contract which may be assumed under 11 U.S.C. § 365 because neither the

---

¹By Order entered March 10, 2011, the Motion for Sanctions was consolidated into this adversary proceeding.

²A separate Amended Motion to Dismiss has been filed by the remaining defendants which will be the subject of a separate determination by the Court.

- 2 -

[Plaintiff] nor the Court may resurrect lease which has terminated prior to bankruptcy . . . ."[3]

Thereafter BTSR commenced the prosecution of an eviction proceeding in the General District Court for the City of Richmond ("State Court"), employing counsel who are now named Defendants herein (and are co-Movants). BTSR appeared at a hearing on December 28, 2010. Plaintiff also appeared and informed the State Court and Movants that he had filed the underlying present bankruptcy case on December 27, 2010, thus creating another automatic stay. Plaintiff asserted that the new stay prohibited the eviction action from proceeding. Movants argued to the contrary, calling attention to the finding of the Bankruptcy Court in the immediate prior case.

The State Court determined that the eviction action was not stayed by an automatic stay arising in the Plaintiff's new bankruptcy case and the eviction action proceeded, resulting in an Order finding that Plaintiff was without right to occupy the apartment and awarding possession to BTSR.

Plaintiff asserts in the Complaint that the State Court erred in its determination that the automatic stay did not apply and that in urging that finding upon the State Court and prosecuting its eviction action after the current bankruptcy case was filed, Movants willfully violated the automatic stay. Movants, in their Motion to Dismiss, argue in response that the State Court was correct in its determination and that therefore no violation of the stay occurred.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary

---

[3] A copy of the Order is attached to the Motion as Exhibit 3.

- 3 -

judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *Sylvia Dev. Corp. v. Calvert County, Maryland*, 48 F.3d 810, 817 (4th Cir. 1995). In considering a motion for summary judgment the court must view all permissible inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "In order to prevail on a motion for summary judgment, the moving party must establish the absence of genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party carries its burden, the nonmoving party may not rest on the allegations in his or her pleading, but must produce sufficient evidence that demonstrates that a genuine issue exists for trial. *Id.* at 324." *Young v. Federal Deposit Ins. Corp.*, 103 F.3d 1180, 1186 (4th Cir. 1997).

This court finds that there is no evidentiary foundation for any material dispute of facts and that Movants have provided by way of exhibits sufficient basis for the determination of the matter by summary judgment. The court further finds that a hearing is not necessary for decision of the matter and would not aid the determination by the court.

Under *Klass v. Klass*, 377 Md. 13, 831 A.2d 1067 (2003), a state court may determine if the automatic stay acts to bar further proceedings in that court. The result may be reviewable by the bankruptcy court if the determination was that there is no applicable automatic stay and the law is to the contrary. *See In re Benalcazar*, 283 B.R. 514 (Bankr. N.D. Ill. 2002). The Virginia Bankruptcy Court determined specifically that there was no

executory contract, *i.e.* lease in existence at time the Virginia bankruptcy case was filed. *See* fn. 3, *infra* ("[B]ecause neither the [Plaintiff] nor the Court may resurrect lease which has terminated prior to bankruptcy...."). Based upon this holding, the State Court was correct that Section 362(a)(3) staying actions against property of the bankruptcy estate, was not applicable.

However, Section 362(a)(1) of the Bankruptcy Code stays any action that was or could have been brought against the debtor before the petition. It is not limited to collection actions and seemingly would apply to the eviction action. Section 362(b)(22) and (l) provide a limited exception to that stay. If the state eviction action had proceeded prepetition to a judgment for possession before the present case was filed, the stay would not protect against eviction unless Plaintiff complied with the 362(l)(5) by so indicating on the petition and certifying thereupon that there is a non-bankruptcy right to cure. Plaintiff did not, and under the Virginia Bankruptcy Court holding, could not do so. But it appears that the judgment for possession was not obtained before the petition in this case and therefore the Section 362(b)22) and (l) exception to the automatic stay did not arise.[4]

This court holds that a technical violation of the stay did occur. Further this court finds that as a matter of law no damages occurred. The finding by the United States Bankruptcy Court for the Eastern District of Virginia that Plaintiff held no interest in the premises is preclusive as to the issue of the Plaintiff's lack of right to occupy the premises. Plaintiff cannot therefore demonstrate damage from being dispossessed of rights that he did

---

[4] Section 362(b)(10) would specifically make a stay inapplicable for these facts if it were not a residential property.

- 5 -

not hold.

If Movants had simply ignored the bankruptcy filing and acted to enforce a put out, exemplary damages/sanctions might be awarded despite the absence of actual damages. But here Movants acted under justifiable reliance on the State Court determination. Therefore Movants are not found to have intentionally violated the stay by arguing the issue before the State Court or prosecuting the action.

Wherefore, in accordance with the reasons set forth above, summary judgment will be granted in favor of Movants. An Order will be entered herewith.


cc: all parties
all counsel

**End of Order**

United States Bankruptcy Court
District of Maryland

Parker, Jr.,
    Plaintiff

Adv. Proc. No. 11-00013-dk

Rosenthal,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 0416-1     User: larter     Page 1 of 2     Date Rcvd: Mar 22, 2011
Form ID: pdfall     Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 24, 2011.
```
dft       +Daniel L Rosenthal,   2819 N. Parham Road, #10,    Richmond, VA 23294-4425
dft       +K. Elizabeth Sieg,   c/o Andrew L. Cole, Esq.,    Franklin & Prokopik,   The B&O Building,
            Two N. Charles St. Ste. 600,    Baltimore, MD 21201-3723
dft       +Lori M. Scott,   c/o Andrew L. Cole, Esq.,    Franklin & Prokopik,   The B&O Building,
            Two N. Charles St. Ste. 600,    Baltimore, MD 21201-3723
dft       +McGuire Woods, International,   CT Corporation System,    4701 Cox Rd, Ste 301,
            Glen Allen, VA 23060-6802
dft       +McGuireWoods LLP,   One James Center,    901 East Cary Street,   Richmond, VA 23219-4063
pla       +Monroe Roosevelt Parker, Jr.,   605-B riverside Drive,    Salisbury, MD 21801-5361
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.     TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 24, 2011     Signature: *Joseph Speetjens*