

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | : | |
| Monroe Roosevelt Parker, Jr. | | |
| Tonia Rochelle Parker, | : | Case No. 10-38938-DK |
| | | Chapter 7 |
| Debtors. | : | |
| ------------------------------------------ | | |
| Monroe Roosevelt Parker, Jr., | : | |
| Tonia Rochelle Parker, | | |
| | : | |
| Plaintiffs, | | Adv. Proc. No. 11-480 |
| v. | : | |
| Sharp Energy, Inc., et al, | : | |
| Defendants. | : | |

## ORDER GRANTING MOTIONS TO DISMISS

Before the court are three separate Motions to Dismiss filed by the Defendants to this Adversary Proceeding (together the "Motions").[1] Plaintiffs have failed to file responsive pleadings to any of the Motions. The court finds that the arguments are

---

[1] The Motion to Dismiss by Kim Ortega and Ruark Rentals was filed on July 22, 2011 and appears as docket entry 16. The Motion to Dismiss by Sharp Energy, inc., Holly Smith and Bob Zola was filed on July 28, 2011 and appears as docket entry 17. The Motion to Dismiss by Delmarva Power & Light Company was filed on July 28, 2011 at appears as docket entry 18.

sufficiently set forth in the pleadings filed in this case and does not find that a hearing would aid in the decision of these Motions.

On December 27, 2010, Monroe Roosevelt Parker, Jr. ("M.Parker") and Tonia Rochelle Parker ("T.Parker") filed this joint bankruptcy case under chapter 7 of the Bankruptcy Code. Between them, they have nine prior bankruptcy cases. Most recently, T.Parker had pending at the time of filing a chapter 13 case in this court (Case No. 10-36705), which was dismissed on January 3, 2011 after the filing of the joint chapter 7 case. M.Parker had a chapter 13 case pending in the Eastern District of Virginia (Case No. 10-36592) which had been dismissed on December 15, 2010. Neither Debtor sought an extension of the automatic stay, thus in accordance with 11 U.S.C. § 362(c)(3), the automatic stay terminated automatically 30 days after filing.

The Complaint brought against Defendants in the instant Adversary Proceeding alleges that acts taken by the Defendants (unrelated as between groups of them) against the Debtors[2] were in violation of an automatic stay to which Plaintiffs were entitled by virtue of their most bankruptcy case. According to the Complaint, all of the acts complained of occurred in approximately June 2011.

A motion made pursuant to Fed.R.Civ.P. 12(b)(6) allows a claim to be dismissed for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the statement of the claim. *Chertkof v.*

---

[2] Although the Complaint is somewhat difficult to parse, it asserts that Bob Zola, Holly Smith and Sharp Energy terminated electrical service being provided to Debtors, that similarly Delmarva Power and Light Company did the same, and that Kim Ortega and Ruark Rentals took some type of collection action with respect to rental damages.

*Baltimore*, 497 F.Supp. 1252, 1258 (D.Md. 1980). The standard for a motion to dismiss is well known: a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). And as the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007), "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."

In the instant adversary proceeding, the Plaintiffs have not alleged facts which would entitle them to relief. No discharge had been entered (and indeed has not been entered yet) and no automatic stay of acts against the Debtors existed at the time of the acts complained of. Therefore the acts taken by Defendants could not be found to have violated the automatic stay and entitle Plaintiffs to relief under such cause of action. For this reason, the court must grant the Motions to Dismiss, which will dispose of the entirety of the Adversary Proceeding.

Wherefore, it is by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion to Dismiss filed by Kim Ortega and Ruark Rentals is granted; and it is further

ORDERED, that the Motion to Dismiss filed by Sharp Energy, Inc., Holly Smith

and Bob Zola is granted; and it is further

ORDERED, that the Motion to Dismiss filed by Delmarva Power & Light Company (Rochelle Thomas) is granted.

cc:   all parties
      all counsel

**End of Order**