IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | | |
|---|---|---|
| IN RE: | * | |
| MONROE ROOSEVELT PARKER, JR. *et ux.*, | * | CASE NO. 10-38938 |
| DEBTORS. | * | CHAPTER 7 |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO CONSOLIDATE MOTION FOR SANCTIONS [DKT. NO. 15] INTO ADVERSARY PROCEEDING 11-0013

Movants, Baptist Theological Seminary at Richmond, James F. Peak, Jr., Tiffany K.

Pittman, Ida Mae Hays, Ronald N. Crawford, Olivia Dawson, Lori M. Scott, K. Elizabeth Sieg,

McGuireWoods LLP, Richard K. Bennett, Harman, Claytor, Corrigan & Wellman and Daniel L.

Rosenthal (collectively the "Movants"), by their respective undersigned attorneys, Andrew L.

Cole, Franklin & Prokopik, Matthew A. Ranck, Erin A. Cohn, Richard J. Berwanger, Jr., and

Eccleston & Wolf, P.C., and pursuant to FED. R. CIV. P. 42, made applicable in these proceedings

by FED. R. BANKR. P. 7042 & 9014 and Local Rule 9013-1, move to consolidate the *Motion for*

*Sanctions for Violation of the Automatic Stay* [Dkt. No. 15] (the "Motion for Sanctions") into

Adversary Proceeding 11-0013 (the "Adversary Proceeding"), and for cause state as follows:

### SUMMARY OF ARGUMENT

1.     Monroe Roosevelt Parker, Jr. ("Debtor") commenced two parallel actions, the

Motion for Sanctions and the Adversary Proceeding, seeking redress for the same alleged

automatic stay violation. The Adversary Proceeding expressly incorporates the Motion for

Sanctions. Both proceedings involve identical questions of law and fact. Movants submit that

consolidation of the Motion for Sanctions into the Adversary Proceeding is appropriate in order

to conserve judicial resources and to permit a single full and final adjudication of this matter. Movants further submit that there is no legitimate interest weighing against consolidation.

PARTIES

2.     Debtor[1] is an individual who, according to his bankruptcy petition, resides in Salisbury, Maryland.

3.     Baptist Theological Seminary at Richmond ("BTSR") is an educational institution located in Richmond, Virginia.

4.     James F. Peak, Jr., Tiffany K. Pittman, Ida Mae Hays, Ronald N. Crawford and Olivia Dawson are employees of BTSR.

5.     Lori M. Scott and K. Elizabeth Sieg are attorneys with McGuireWoods LLP in its Richmond, Virginia office.  Ms. Scott, Ms. Sieg and McGuireWoods, LLP (collectively the "McGuireWoods Parties") represented BTSR and other third parties in proceedings seeking relief from the automatic stay in Debtor's bankruptcy filing in the United States Bankruptcy Court for the Eastern District of Virginia (the "Virginia Bankruptcy Court").

6.     Richard K. Bennett is an attorney with Harman, Claytor, Corrigan & Wellman ("Harman Claytor").  Mr. Bennett and Harman Claytor represented and continue to represent BTSR against the Debtor in several state and bankruptcy court proceedings and appeals in the Commonwealth of Virginia.

7.     Daniel L. Rosenthal is an attorney with the Law Office of Daniel L. Rosenthal who represented BTSR against the Debtor in state court eviction proceedings in the Commonwealth of Virginia.

---

[1] Co-debtor Tonia Rochelle Parker ("Mrs. Parker"), who is upon information and belief the Debtor's wife, is not a party to the Motion for Sanctions or the Adversary Proceeding.  For purposes of this Motion, Movants use the term "Debtor" solely to refer to Mr. Parker.

## PROCEDURAL BACKGROUND

8.  Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* on September 23, 2010, in the Virginia Bankruptcy Court, Case No. 10-36592 (the "Virginia Chapter 13 Case").

9.  BTSR, represented by the McGuireWoods Parties, filed an emergency motion for relief from the automatic stay in the Virginia Chapter 13 Case with respect to an apartment occupied by the Debtor (the "Apartment") on October 19, 2010 (amended October 20, 2010) (collectively the "Motion for Relief from Stay").

10.  The Virginia Bankruptcy Court held a hearing at 11:00 a.m. on November 10, 2010 to consider the Motion for Relief from Stay, and on November 12, 2010 that court entered an order granting that motion (Dkt. No. 37 in the Virginia Bankruptcy Case).

11.  On November 12, 2010, the Debtor filed a *"Motion to Dismiss Chapter 13"* (the "Motion to Dismiss") (Dkt. No. 39 in the Virginia Bankruptcy Case) seeking dismissal of right.

12.  Without considering the Motion to Dismiss, the Virginia Bankruptcy Court dismissed Debtor's Virginia Chapter 13 Case *sua sponte* on December 15, 2010, for failure to comply with the local rules of that court.

13.  Debtor and Mrs. Parker filed this Chapter 7 case on December 27, 2010.

14.  Debtor filed the Motion for Sanctions on January 6, 2011, seeking damages (including punitive damages) for Movants' alleged violations of the automatic stay in connection with proceedings to evict the Debtor and Mrs. Parker from the Apartment.

15.  The day following his filing of the Motion for Sanctions, Debtor filed his Complaint commencing the Adversary Proceeding expressly incorporating at ¶ 5 "all claims enumerated under the [Motion for Sanctions]."

3

## LEGAL STANDARD

16.     Fed. R. Civ. P. 42 provides that the Court may consolidate actions pending before it where those actions involve common questions of law or fact.[2]

17.     The Court has broad discretion with respect to consolidation. *See A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

18.     Consolidation of actions is encouraged within the constraints of the rules and without sacrificing fairness to parties. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

## ARGUMENT

19.     By its express terms, the Adversary Proceeding incorporates the identical issues, factual and legal, raised in the Motion for Sanctions.

20.     Given the identity of issues presented in the Adversary Proceeding and Motion for Sanctions, Movants submit that interests of judicial economy, fairness to the Movants, and avoiding duplicative proceedings weigh heavily in favor of consolidation, while there are no interests weighing against consolidation.

**WHEREFORE**, Movants Baptist Theological Seminary at Richmond, James F. Peak, Jr., Tiffany K. Pittman, Ida Mae Hays, Ronald N. Crawford, Olivia Dawson, Lori M. Scott, K. Elizabeth Sieg, McGuireWoods LLP, Richard K. Bennett, Harman, Claytor, Corrigan & Wellman and Daniel L. Rosenthal, respectfully request that the Court enter an Order:

a.      Granting this motion;

b.      Consolidating Debtor's Motion for Sanctions [Dkt. No. 15] into Adversary Proceeding 11-0013; and

---

[2] Fed. R. Civ. P. 42 is made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7042, and to the Motion for Sanctions, a contested matter, by Fed. R. Bankr. P. 9014, which incorporates Rule 7042 by reference.

c. Granting such other and further relief as is appropriate under the circumstances.

/s/ Andrew L. Cole
Andrew L. Cole, Fed. Bar No. 14865
Franklin & Prokopik
The B&O Building
Two N. Charles St., Ste. 600
Baltimore, MD 21201
(410) 752-8700
(410) 752-6868
acole@fandpnet.com

*Attorneys for Baptist Theological Seminary at Richmond, James F. Peak, Jr., Tiffany K. Pittman, Ida Mae Hays, Ronald N. Crawford, Olivia Dawson, Lori M. Scott, K. Elizabeth Sieg, and McGuireWoods LLP*

/s/ Matthew A. Ranck
Matthew A. Ranck, Fed. Bar No. 23762
Erin A. Cohn, Fed. Bar No. 28406
Richard J. Berwanger, Jr. Fed. Bar No. 17835
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
(410) 752-7474
(410) 752-0611 (Fax)
Ranck@ewmd.com
cohn@ewmd.com

*Attorneys for Richard K. Bennett, Harman, Claytor, Corrigan & Wellman and Daniel L. Rosenthal*

**I HEREBY CERTIFY**, that the terms of the copy of this motion submitted to the court are identical to those set forth in the original motion; and the signatures represented by the /s/_____ on the copy of the motion submitted to the Court reference the signatures of consenting parties obtained on the original motion.

/s/ Andrew L. Cole
Andrew L. Cole

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 1st day of February, 2011, a copy of the foregoing

pleading or paper, together with all exhibits and attachments, was served *via* first class mail,

postage pre-paid, upon:

Monroe Roosevelt Parker, Jr.
Tonia Rochelle Parker
605-B Riverside Drive
Salisbury, MD 21801

*Debtors*

Joseph J. Bellenger, Esq.
Offit Kurman
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759

*Chapter 7 Trustee*

Diligentsia Capital Group LLC
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Max Recovery, Inc.
P.O. Box 10228
Newark, NJ 07193-0228

/s/ Andrew L. Cole
Andrew L. Cole