United States District Court

District Of Maryland

In re:

Monroe R Parker Jr. and

Tonia R. Parker,

    Debtor(s),

Chapter 7

Case No.:10-38938

Adversary No.: 11-0013

Adversary No.: 11-00480

Monroe R Parker Jr., and

Tonia R. Parker,

    Plaintiff(s),

vs.

Daniel L. Rosenthal,

Union Institute & University,

Et al.,

    Defendant(s).

Adversary No. 11-0013,

11-00480

**MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER(S)**

Monroe and Tonia Parker, the debtor(s) in a pending Chapter 7 bankruptcy Court, from January 2011 thru October 2011, and respectfully represents:

1

1. On December 27, 2010, the Debtor(s) filed a bankruptcy petition under chapter 7.

2. The first date for the meeting of creditors under 11 U.S.C. §341 was set by the clerk of the Bankruptcy Court for March 2011.

3. The notice of the first meeting of creditors sent by the clerk of the Bankruptcy Court stated that the bar date for filing complaints objecting to the discharge of a debt would be June 17, 2011.

4. On July 1, 2011, Miles Scott and Union Institute & University flagged the debtor's registration, and failed to acknowledge debtor's chapter 7 filing. This creditor discriminated against debtor in violation of 11 U.S.C. §525(c)(1).

5. Miles Scott continues to use a debt that is dischargeable to stop or obstruct the debtor's registration as a doctoral student. Debtor only needs to carry three credits as a doctoral student to remain eligible for financial aid.

6. On October 18, 2011, debtor was treated for pneumonia like symptoms by the Baltimore, Maryland Veterans' Medical Center. Debtor was physically unable to attend the delayed hearing presided over by the honorable Duncan Keir, Chief Judge of the United States Bankruptcy Court, District Of Maryland, Salisbury, Maryland.

7. Debtor filed a Motion To Vacate, which the clerk's office has not processed, where whereas the debtor(s) are complaining of an abuse of discretion. The Court has required the debtor(s) to file a Motion to re-open the closed adversary hearings, and wait for it to be granted before acting on the Motion To Vacate. There should not exist in any Court, a bias against pro se debtors, nor should they be held to the same stringent pleading requirements of a licensed attorney.

8. In 11-0013, the Court alleged that BTSR and their attorneys only committed a technical violation of the Automatic stay in the joint bankruptcy (11-38938). However, the same state judge allowed opposing counsel to argue that he could ignore the automatic stay of 10-36705(Tonia R. Parker). Tonia R. Parker was a signatory to the lease that Monroe R. Parker, Jr., submitted to Associate Dean Chappell, Not Dr. Peak. There exists no law that says you cannot re-file a second bankruptcy, and be deposed of an automatic stay without a hearing. If Monroe Parker had filed a second bankruptcy in Virginia, he would have been entitled to a thirty-day Automatic stay, would had to file a motion for an extension. In either case, the state court of Virginia was bound by the automatic stay filed in the District Of Maryland, both in 10-36705 and 11-38938. Both BTSR and

3

their attorneys should be ordered to pay damages to the Parkers. The state court judge in Richmond, Virginia acted with racial bias and malice towards the debtors, without any constitutional jurisdiction. BTSR discriminated against Monroe Parker when they denied him financial aid, and made false sworn testimony that his lease had expired. Dr. Peek denied funds from Salvation Army, and other community sources, so he could tell the Eastern District Of Virginia that debtors made no attempt to pay their rent or admission deposit. Told BTSR officials, that debtor would have been denied housing, had he knew of debtor Monroe R. Parker's purported criminal past, and that he owed Union Theological Seminary at Richmond, a past due bill. Dr. Peek did not tell the Court that another African student waited an additional sixty days more than white students to receive their refunds. That Dr. Peek developed a third party plan to receive students loan funds before, it is placed into the student's accounts. There is no requirement in the catalog, requiring a criminal records check prior to being given on-campus housing. Dr. Peek and Union has instituted a racially bias policy towards Virginia Union University students, and Dr. Peek is the primary engineer of this housing discrimination policy. Dr. Peek failed and refused to process Monroe R Parker Jr's work study grant from UIU,

4

and would not allow BTSR to verify debtor's enrollment status for Sallie Mae and the United States Department Of Education. Judge Keir attempts to bolster the attorneys defense for violating the automatic stay. Judge Keir decides that their actions were a result of the state court deciding with the attorneys in 11-00480, but, ignores the same violations during the automatic stay issued in 10-36705 before any judgment could be entered. However, these same attorneys and their partners abided by an Automatic stay from the Southern District Of California. This same state judge did not use this rationale when dealing with white debtors from California and Virginia. But here Judge Kerr makes this observation purportedly used to justify his notation " This court holds that a technical violation of the stay did occur". Judge Keir in contrast determined "But it appears that the judgment for possession was not obtained before the petition in this case and therefore the Section 362 (b)22) and (1) exception to the automatic stay did not arise."

9. Judge Keir mistakenly believed that the state judge made his decision, based upon a reading of the applicability of 10-38938. However, the judge upon advice from Rosenthal and Bennett in chambers and open court convinced him that he could ignore the Bankruptcy filing of Mrs. Parker and the

5

joint bankruptcy, that only the automatic stay from the Eastern District Of Virginia had any bearing in this case. That bankruptcy filings in other states over real estate matters in Virginia were not recognized. The creditors in this case believed that once an automatic stay is lifted in the first case(10-36592), that the debtors were not allowed to file a second bankruptcy. They ignored the provision that automatically grants a debtor a 30-day stay, with a mandatory option to petition the court for an extension. This was not a case of mistake, accident, or excusable neglect/"good-faith defense". Further, they had removed a discrimination case from state court to the Eastern District Of Virginia (10-3186), there were no inquiry into the discrimination allegations by debtors and the United States Department Of Education. The Court in Richmond only inquired into whether debtor was a student at BTSR under Dr. Peak's unwritten and unpublished rules, whether debtor had a lease or not, Dr. Peak testified that BTSR does not receive federal financial assistance. Yet, BTSR receives funding for Stafford and Perkins Loans, as well as, federal work study funding. When debtor filed a complaint with OCR, they first determined that BTSR was in fact a recipient of Federal financial assistance. Defense counsel advised Peak and BTSR to testify that they did not receive federal

6

financial assistance, and the Eastern District Of Virginia refused to permit any questions concerning the discrimination issues. However, keep in mind that 10-3186 dealt precisely with the discrimination allegations, (removed from state court in Richmond, Virginia). The Eastern District Of Virginia made no inquiry into debtor(s) discrimination claims. Debtor(s) show that relief should be granted pursuant to 11 U.S.C.§525(c)(1). Debtor shows that he was denied federal financial assistance when he enrolled at BTSR. He then filed bankruptcy, included his rent in the plan, Peak and his counsel filed to lift the stay before his plan could be confirmed. When rent assistance agencies offered to pay on his behalf, Peak refused the payment, used a scheme to slander and discredit the debtors. Several churches offered assistance, but were denied the opportunity to pay the past due rent, including social services.

10. This Court has jurisdiction to hear appeals from interlocutory orders if there are " controlling questions of law as to which there is substantial ground for dispute and if an immediate appeal may materially advance the ultimate termination of the litigation". In re Huff, 61 BR 678, 682(ND Ill. 1986).

11. Litigation over the merits of the Complaint/Defenses filed by BTSR/UNION INSTITUTE & UNIVERSITY/RUARK RENTALS/SHARP ENERGY/DELMARVA POWER Will likely be protracted, and impose large administrative expenses on the bankruptcy estate in this case.

12. The decision of the Bankruptcy Court to permit the late filing of responses to debtor(s) adversary proceedings. Excusing flagrant and willful violations of the automatic stay as technical violations in 11-0013 was an abuse of discretion.

13. Refusing to act on the Motion to Vacate the dismissal of the Adversary Proceedings is an abuse of discretion. No bankruptcy law requires the adversary proceedings to be re-opened before entertaining a Rule 60 (b) within one year.

14. Debtors did not fail to prosecute, when they failed to attend the October 18, 2011 hearing, the debtor was being treated for Pneumonia at the VA Medical Center, in Baltimore, Maryland (documentation attached).

15. Permitting the appeal of the interlocutory order of the Bankruptcy Court will significantly advance the ultimate termination of the litigation.

16. Attached hereto is a copy of the Motion to Vacate, Motion to Re-open the closed adversary proceedings, and all applicable Court Orders of the Bankruptcy Court.

8

Dated: October 28, 2011                    Respectfully Submitted,

*Monroe R Parker Jr*
Monroe R Parker Jr

*Tonia R. Parker*
Tonia R. Parker

27060 Ocean Gateway
Hebron, Maryland 21830
410-572-5820

CERTIFICATE OF SERVICE

We have served the following persons with a true and correct copy of this foregoing **MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDERS, have been** served upon all counsel by first-class mail as follows:

Joseph J. Bellinger (Trustee)
Offit Kurman, P.A.
8171 Maple Lawn Blvd., Ste. 200
Maple Lawn, Maryland 20759

Andrew L. Cole
Franklin & Prokopik
The B & O Building
Two N. Charles Street, Ste. 600
Baltimore, Maryland 21201

Marc E. Shach
Shannon B. Kreshtool
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208

Matthew A. Ranck
Erin A. Cohn
Richard J. Berwanger, Jr.
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076

*/s/ Monroe R Parker Jr*
Monroe R Parker Jr

*/s/ Tonia R Parker*
Tonia R Parker

Dated: October 28, 2011