IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(at Baltimore)

|  |  |
|---|---|
| IN RE: | * |
|  | *   Case No. 10-38938 DWK |
| MONROE R. PARKER, JR. and | * |
| TONIA R. PARKER | * |
|  | *   (Chapter 7) |
| Debtors | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**UNION INSTITUTE & UNIVERSITY AND ITS ATTORNEYS' RESPONSE TO DEBTORS MONROE R. PARKER, JR. AND TONIA R. PARKER'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

Debtors Monroe R. Parker, Jr. and Tonia R. Parker's Motion for Sanctions for Violation of the Automatic Stay ("Motion for Sanctions", Doc. 67)[1] fails to allege a violation of the automatic stay because the automatic stay was not in place at the time of the alleged collection actions. Therefore, Respondents Union Institute & University ("UI&U") and its attorneys[2] respectfully request that the Court deny the Motion for Sanctions.

**I.     INTRODUCTION**

Debtor Monroe R. Parker, Jr. ("Mr. Parker") was a student at UI&U in the summer of 2010. *Affidavit of Miles H. Scott* ("*Scott Aff.*"), Ex. 1, ¶ 2. On September 23, 2010, Mr. Parker filed a petition for Chapter 13 bankruptcy protection in the Bankruptcy Court for the Eastern

---

[1] While the Motion for Sanctions was purportedly filed on behalf of both Monroe R. Parker, Jr. and Tonia R. Parker, the Debtors do not allege that any collection action was taken against Tonia R. Parker. Therefore, UI&U respectfully requests that the Court deny the Motion for Sanctions as to Tonia R. Parker due to the failure to allege that UI&U took any collection actions against Tonia R. Parker. UI&U will proceed with responding to the allegations made with respect to Monroe R. Parker, Jr.

[2] The Motion for Sanctions improperly references UI&U's attorneys without identifying those attorneys and without identifying any specific action taken by those attorneys, thereby depriving any such attorneys of their due process rights to defend against the Motion for Sanctions. UI&U therefore respectfully requests that claims against its attorneys be dismissed.

District of Virginia, designated as Case No. 10-36592.³ On December 15, 2010, that bankruptcy proceeding was dismissed without a discharge due to Mr. Parker's failure to pay the filing fee. *See Dismissal Entry*, Ex. 3.

In December 2010, Mr. Parker registered for UI&U's six-month academic term which began on January 1, 2011 (the "January Term"). *Scott Aff.*, Ex. 1, ¶ 3. On December 22, 2010, UI&U received a deposit of $10,199.00 from Federal DIRECT, an originator of federal student aid loans pursuant to the designation of Mr. Parker. *Id.*, ¶ 4. Those funds were held in Mr. Parker's account pending the accrual of charges for the January Term. *Id.* On December 27, 2010, while the funds were in Mr. Parker's account and prior to the accrual of any charges, Mr. Parker filed a second bankruptcy — this time, a petition for Chapter 7 bankruptcy protection in the Bankruptcy Court for the District of Maryland (the pending action). *Id.*, ¶ 5; *See also, Voluntary Petition*, Doc. 1, filed herein 12/27/10.⁴ As a result of his previous bankruptcy filing that was pending and dismissed within the same year, Mr. Parker enjoyed the protections of the automatic stay with respect to his debts for only 30 days pursuant to 11 U.S.C. 362(c)(3)(A).

During the January Term, Mr. Parker's tuition and fees were paid from the Federal DIRECT loans, but UI&U was eventually required to return the funds to Federal DIRECT as a result of Mr. Parker's withdrawal from a 3-hour course on February 7, 2011 which disqualified him from receiving the financial aid under his agreement with Federal Direct. *Scott Aff.*, Ex. 1, ¶ 6. Therefore, at the conclusion of the January Term in June 2011, Mr. Parker's account was due for $10,199.00, which included $5,324.00 for the January Term. *Id.*, ¶ 7.

---

³ A copy of the online docket and dismissal entry from that bankruptcy proceeding are attached as Exhibits "2" and "3", respectively. UI&U requests that this Court take judicial notice of the bankruptcy docket and dismissal entry pursuant to Fed. R. Evi. 201(b), applicable in this proceeding pursuant to Bankr. R. 9017, as the contents of those documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
⁴ UI&U respectfully requests that the Court take judicial notice of the date of Mr. Parker's petition filing.

In June 2011, Mr. Parker applied for the six-month academic term which began on July 1, 2011 (the "July Term"). *Id.*, ¶ 8.  UI&U denied Mr. Parker's application for admission to the July Term. *Id.*, ¶ 9.  Mr. Parker alleges that by denying him admission and other privileges associated with admission for the July Term based on his deficient balance for the January Term, UI&U violated his automatic stay. *Motion for Sanctions*, Doc. 67, ¶¶ 6-7; *See also, Mr. Parker's Motion to Admit Exhibits*, Doc. 68 (relying solely on communications that occurred May 18, 2011 and later).  Mr. Parker, however, was no longer protected by the automatic stay after January 26, 2011, and therefore cannot recover for any alleged collection activities which occurred during that time.  Therefore, his Motion for Sanction must be denied.

## II.    LAW AND ANALYSIS

Section 362(c)(3)(A) of the Bankruptcy Code limits the application of the automatic stay to 30 days for bankruptcy filers who have had another bankruptcy proceeding pending but dismissed within the immediately preceding year.  The statute provides as follows:

> (c)    Except as provided in subsections (d), (e), (f), and (h) of this section [which specify alternative grounds for terminating the automatic stay]—
>
> (3)    if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A)    the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

This section is applicable here because Mr. Parker filed a Chapter 13 bankruptcy case on September 23, 2010 which was dismissed on December 15, 2010 for failure to pay the filing fee.

*See* Bankruptcy Docket, Ex. 2; Dismissal Entry, Ex. 3.[5]  Therefore, the automatic stay imposed by Mr. Parker's filing of the within bankruptcy proceeding on December 27, 2010 terminated 30 days later, on January 26, 2011.

This Court has previously acknowledged and enforced the self-executing termination of the automatic stay pursuant to § 362(c)(3)(A). *In re Tubman*, 364 B.R. 574, 579 (Bankr.D.Md. 2007).  This Court has also held that a debtor's *only* avenue for obtaining a continuance of the automatic stay when § 362(c)(3)(A) is implicated is to file a motion pursuant to § 362(c)(3)(B) requesting the continuance of the stay, and that said motion must be filed before the expiration of the 30-day period. *Id*. at 580-81.  As Mr. Parker did not file a motion to seek the continuance of the automatic stay prior to January 26, 2011, his stay terminated on January 26, 2011 pursuant to § 362(c)(3)(A) and cannot be revived.

As the only actions that Mr. Parker complains of occurred, if at all, after January 26, 2011, those actions could not be considered a violation of the automatic stay. Notably, the fact that Mr. Parker has chosen to proceed pro se in this bankruptcy proceeding does not change the result in this matter because pro se litigants are equally bound by the Bankruptcy Code. *See In re Schaefer*, 154 B.R. 227, 231 (Bankr.S.D.Tex. 1993) ("Pro se litigants are bound by the Bankruptcy Code, the Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure, just as any other party represented by counsel.").

Furthermore, to the extent that Mr. Parker references the application of the bankruptcy discharge in his Motion for Sanctions, such allegations are irrelevant as the Court has not entered an Order of Discharge with respect to Mr. Parker's debts.

---

[5]   See also, docket entry in the within matter dated 12/29/2010 which contains a summary of the repeat bankruptcy filings by Debtors Monroe R. Parker, Jr. and Tonia R. Parker.

4

### III. CONCLUSION

For the foregoing reasons, Union Institute & University and its attorneys respectfully request that the Court deny Debtors Monroe R. Parker, Jr. and Tonia R. Parker's Motion for Sanctions for Violation of the Automatic Stay.[6]

Respectfully submitted,

  /s/ Marc E. Shach
Marc E. Shach
MD Federal Bar #06788
Shannon B.Kreshtool
MD Federal Bar #25867
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, MD 21208
(410) 559-9000
marc.shach@weinstocklegal.com
sbk@weinstocklegal.com

Counsel for Union Institute & University

---

[6] UI&U also contends that any post-petition collection activity was related to a claim that arose post-petition and was, therefore, never subject to the automatic stay. UI&U will reserve argument on this point as the termination of the stay pursuant to 11 USC § 362(c)(3)(A) is dispositive of Mr. Parker's motion. If the Court does not determine that the application of § 362(c)(3)(A) disposes of this matter in its entirety, UI&U respectfully requests the opportunity to brief its position that its claim for recovery of tuition and fees for the January Term arose post-petition and was, therefore, not subject to the automatic stay.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Debtors Monroe R. Parker, Jr. and Tonia R. Parker's *Motion for Sanctions for Violation of the Automatic Stay (Doc. 67)* was served upon the following parties through the Court's ECF system, on this 20th day of July, 2011:

Joseph J. Bellinger, Chapter 7 Trustee trustee@offitkurman.com, jjbellinger@ecf.epiqsystems.com, mwashington@offitkurman.com

Richard John Berwanger on behalf of Defendant Daniel Rosenthal berwanger@ewmd.com

Andrew L. Cole on behalf of Defendant McGuire Woods LLP acole@fandpnet.com

Philip C. Smith on behalf of Creditor Hickory Hill LLC psmith@longbadger.com

And served by mailing a true and correct copy thereof to the following by Regular U.S. Mail:

Monroe Roosevelt Parker, Jr.
27060 Ocean Gateway
Hebron, MD 21830

Tonia Rochelle Parker
27060 Ocean Gateway
Hebron, MD 21830

Diligentsia Capital Group, LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Max Recovery Inc.
P.O. box 10228
Newark, NJ 07193-0228

Main Street Acquisitions Corp.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

                                                /s/ Marc E. Shach
                                                Marc E. Shach

3224021.1