# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

**In Re:**

**Monroe R. Parker, Jr.**

**Tonia R. Parker,**

      **Debtors**

Case No. 10-38938

**Chapter 7**

**AFFIDAVIT OF MILES H. SCOTT IN SUPPORT OF UNION INSTITUTE & UNIVERSITY AND ITS ATTORNEYS' RESPONSE TO DEBTORS MONROE R. PARKER, JR. AND TONIA R. PARKER'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

| | |
|---|---|
| **STATE OF OHIO** | ) |
| | ) ss. |
| **COUNTY OF HAMILTON** | ) |

Affiant, Miles H. Scott, being first duly sworn and cautioned, deposes and states as follows:

1.    I am employed as the Senior Accountant of Union Institute & University ("UI&U"). In my capacity as Senior Accountant for UI&U, I have access to UI&U's records related to the admission decisions, correspondence, and account balances compiled and maintained with respect to its former student, Monroe R. Parker ("Mr. Parker"). I have examined the business records concerning the matters alleged in Mr. Parker's Motion for Sanctions for Violation of the Automatic Stay, and I make this affidavit based on my knowledge obtained by my review of the business records. These business records are kept by UI&U in the regular course of its business and are made at or near the time of the events appearing therein. It is the regular practice of UI&U to make and keep these records.

2. Debtor Monroe R. Parker, Jr. ("Mr. Parker") was a student at UI&U in the summer of 2010.

3. In December 2010, Mr. Parker registered for UI&U's six-month academic term which began on January 1, 2011 (the "January Term").

4. On December 22, 2010, UI&U received a deposit of $10,199.00 from Federal DIRECT, an originator of federal student aid loans pursuant to the designation of Mr. Parker.

5. The $10,199.00 received from Federal DIRECT and deposited to Mr. Parker's account was still in his account as of December 27, 2010 as no charges had accrued for the January Term as of that date.

6. During the January Term, Mr. Parker's tuition and fees were paid from the Federal DIRECT loans, but UI&U was eventually required to return the funds to Federal DIRECT as a result of Mr. Parker's withdrawal from a 3-hour course on February 7, 2011 which disqualified him from receiving the financial aid under his agreement with Federal Direct.

7. At the conclusion of the January Term in June 2011, Mr. Parker's account was due for $10,199.00, which included $5,324.00 for the January Term.

8. In June 2011, Mr. Parker applied for the six-month academic term which began on July 1, 2011 (the "July Term").

9. UI&U denied Mr. Parker's application for admission to the July Term.

FURTHER AFFIANT SAITH NAUGHT.

_____
Miles H. Scott

Sworn to before me and subscribed in my presence this 14th day of July, 2011.

_____
Notary Public
LISA D. SchNAPP
My commission expires
3/16/14

3226207.1