IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE)

Monroe R. Parker, Jr.

Tonia R. Parker,

    Appellants

  v.

Union Institute & University, et al.,

    Appellees.

Case No. 1:11-cv-03248-WMN

## APPELLEE UNION INSTITUTE & UNIVERSITY'S MOTION TO DISMISS APPEAL

### I. INTRODUCTION

Appellee Union Institute & University ("UI&U") moves to dismiss this appeal pursuant to Local Rule 404(2) and 404(3), and the inherent power of this Court to control its dockets on the grounds that Appellants Monroe R. Parker, Jr. and Tonia R. Parker ("Appellants") have failed to comply with numerous procedural rules and have repeatedly shown a complete disregard for the judicial system in representing themselves in this appeal.

### II. LAW AND ANALYSIS

    **A.    Legal Authority of the Court to Dismiss Appeal.**

This Court has the power to dismiss this appeal pursuant to Local Rule 404(2) and 404(3), which provide that the Court may, upon motion of the appellee or upon its own initiative, dismiss an appeal for

non-compliance with Bankruptcy Rule 8006 or Bankruptcy Rule 8009, after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on other parties.  Here, Appellants have violated both Bankruptcy Rules by failing to timely file their designation of the record and their appeal brief.  They have also failed to respond to the Court's show cause order related to their violation of Bankruptcy Rule 8006.  Furthermore, this Court has the inherent power to dismiss an action with prejudice because of failure to prosecute. *Roadway Ex., Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455 (1980)(citing *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

    **B.**    **Appellants Have Shown a Complete Disregard for the Judicial System.**

        *1.*    *Appellants Have Failed to Pay the Filing Fee for Their Appeal as Required by Bankruptcy Rule 8001.*

Bankruptcy Rule 8001(a) requires that a Notice of Appeal "be accompanied by the prescribed fee."  Appellants filed their Notice of Appeal on October 25, 2011 in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").[1]  On October 28, 2011, they filed an Application to Proceed in District Court Without Prepaying Fees or Costs.[2]  The Bankruptcy Court denied that Motion, noting that Appellants were "unnecessarily and vexatiously litigious and have repeatedly misrepresented the law and factual precedent" and that "[t]o allow [Appellants] to proceed on appeal without payment of a fee [would] merely continue and possibly encourage, this course of conduct."[3]  The Pacer docket for Appellants' Bankruptcy Case and the Bankruptcy Court's Amended

---

[1]    USBC D. Md., Case No. 10-38938, ECF 84, 85.
[2]    Id., ECF 87.
[3]    Id., ECF 89, p. 2.

Transmittal Sheet submitted to this Court both show that Appellants have not paid the fee for proceeding on appeal.[4]

        2.    *Appellants Failed to File Their Designation of the Record Within the Time Permitted Under Bankruptcy Rule 8006, and Did Not Respond to This Court's Show Cause Order Related to that Rule Violation.*

Pursuant to Bankruptcy Rule 8006, Appellants were required to file their designation of the contents of the record and statement of issues on appeal by November 1, 2011. Due to Appellants' failure to designate the record, on November 17, 2011, this Court issued on Order to Show Cause why the appeal should not be dismissed.[5] Although Appellants did finally designate the record on December 5, 2011 (over one month late), and have repeatedly filed supplements to the designation without obtaining leave to do so, Appellants still have not responded to this Court's Order to Show Cause. Therefore, the appeal should be dismissed based on Appellants' failure to show good cause for their violation of Bankruptcy Rule 8006, after having had an opportunity to do so.[6]

        3.    *Appellants Have Failed to File Their Appeal Brief in Compliance with Bankruptcy Rule 8009.*

Pursuant to Bankruptcy Rule 8009, Appellants were allowed 14 days after entry of the appeal on this Court's docket to file their appeal brief. This appeal was docketed on November 14, 2011. It has now been over 70 days since the docketing of the appeal, and Appellants have neither filed their brief nor sought an extension of the time within which to file the brief.

### III. CONCLUSION

For the reasons set forth above, UIU respectfully requests that the Court dismiss the appeal with prejudice.

---

[4] Id., ECF entry dated 12/8/2011 (showing receipt of $0.00); See also Amended Transmittal Sheet, Doc. 1-2 in this case (with a checkmark by the "No" box beside inquiry 5 in the second section, for the field "Fee Paid").
[5] ECF 2.
[6] USBC D. Md., Case No. 10-38938, ECF 94-95, 97-98.

        Respectfully submitted,

        */s/Marc E. Shach*_____
        Marc E. Shach
        MD Federal Bar #06788
        Shannon B. Kreshtool
        MD Federal Bar #25867
        Weinstock, Friedman & Freidman, P.A.
        4 Reservoir Circle
        Baltimore, MD  21208
        Phone:  (410) 559-9000
        Fax:  (410) 559-9009
        marc.shach@weinstocklegal.com
        sbk@weinstocklegal.com

        *Counsel for Union Institute & University*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion to Dismiss Appeal* was served upon the following parties through the Court's ECF system, on this 27th day of January, 2012:

Joseph J. Bellinger, Chapter 7 Trustee at: trustee@offitkurman.com; jjbellinger@ecf.epiqsystems.com; mwashington@offitkurman.com

And served by mailing a true and correct copy thereof to the following by Regular U.S. Mail:

Monroe Roosevelt Parker, Jr.
27060 Ocean Gateway
Hebron, MD 21830

Tonia Rochelle Parker
27060 Ocean Gateway
Hebron, MD 21830

                                                                 */s/Marc E. Shach*_____
                                                                  Marc E. Shach

3500801.1