```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

MONROE R. PARKER, JR.,        *
ET AL.                        *
                              *
v.                            *    Civil Action No. WMN-11-3248
                              *
                              *
UNION INSTITUTE &             *
UNIVERSITY, ET AL.            *
                              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## ORDER

On October 24, 2011, Appellants Monroe R. Parker, Jr. and Tonia R. Parker (the Parkers) timely filed an appeal of the October 18, 2011, decision by the U.S. Bankruptcy Court for the District of Maryland denying their Motion for Miscellaneous Relief filed pursuant to 11 U.S.C. § 525(c)(1).  On November 17, 2011, this Court filed an Order to Show Cause, requiring that within 14 days the Parkers (1) file a designation of the items to be included in the record on appeal, (2) file a statement of the issues, and (3) show good cause why they failed to comply with Bankruptcy Rule 8006 when filing the appeal.

On December 21, 2011, 34 days after the Court's Order to Show Cause and 58 days after filing their Notice of Appeal, the Parkers filed a statement of issues and designation of the record but did not provide an explanation for their lack of timeliness in filing these documents or in responding to the

Order to Show Cause.  Two days later, on December 23, 2011, the Appellee filed its designations and statement of issues.  The Parkers have not filed an appeal brief, which is required to be filed within 14 days after the entry of appeal.  Fed. R. Bankr. P. 8009.

On January 27, 2012, Appellee Union Institute & University filed the present Motion to Dismiss Appeal, ECF No. 7.  The time to respond has passed, and the Parkers have not filed any opposition to the motion or requested an extension of time to respond.  Appellee supports its motion by arguing that the Parkers "have failed to comply with numerous procedural rules and have repeatedly shown a complete disregard for the judicial system in representing themselves in this appeal."  Mot. at 1.  Appellee cites the Parkers' failure to pay their filing fee as required by Bankruptcy Rule 8001(a), failure to timely file a statement of issues and designations of the record, failure to respond to this Court's Order to Show Cause, and failure to file an appeal brief as required by Bankruptcy Rule 8009.  Id.

If an appellant violates any of the rules of bankruptcy procedure, the district court may dismiss the appeal.  McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1173 (4th Cir. 1997).  Bankruptcy Rule 8001(a) specifies that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the

appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Before dismissing an appeal pursuant to this rule, a district court must "consider and balance" four factors: 1) whether it can make a finding that the delay is due to bad faith or negligence; 2) whether the appellant has been given notice and an opportunity to explain the delay; 3) whether the delay had any possible prejudicial effect on the other parties; and 4) what is the impact of the sanction and available alternatives. In re: Weiss, 111 F.3d at 1173.

In the present proceeding, the Parkers have repeatedly failed to abide by the deadlines established by the Bankruptcy Rules and have failed to file an appeal brief at all. This Court gave the Parkers notice that if they did not show good cause for their failure to timely file the statement of issues and record designations within 14 days, then the Court would make a "finding that the failure to comply with Bankruptcy Rule 8006 was negligent and that any further delay in prosecuting this appeal will be prejudicial to appellee(s) and to the orderly and expeditious management of the affairs of the Bankruptcy Court." ECF No. 2. The Parkers filed the requested statement of issues and designations of the record but did not provide any explanation to the Court as to the reason for the

untimeliness of the filings.  Moreover, Appellee's Motion to Dismiss also highlighted the Parkers' procedural failings, putting them on notice that they have not yet filed an appeal brief and have not explained their delinquent filings to the Court.  The Parkers had an opportunity to oppose the motion and explain themselves but, as noted above, no opposition has been filed.

At this point, the Court can only conclude that the Parkers, at best, have acted negligently in prosecuting their appeal.  They have been given notice and multiple opportunities to explain their lack of adherence to the Bankruptcy Rules of Procedure, but have failed to take advantage of any of those opportunities.  Moreover, their failure to timely prosecute the appeal is prejudicial to the appellee and to the orderly and expeditious disposition of the case.  Finally, though dismissal for violation of the Bankruptcy Rules is "a harsh sanction which a district court must not impose lightly," In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992), the Court concludes that, in light of the circumstances of the Parkers' extreme neglect in prosecuting their appeal and complete failure to provide any explanation for their untimeliness or lack of an appeal brief, it is an appropriate sanction in this case.  See In re Weiss, 111 F.3d at 1159 (affirming dismissal where

4

appellant provided non-compelling explanation for delay in filing designations); <u>Serra</u>, 970 F.2d 1309 (same).

Accordingly, IT IS this 1st day of March, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Appellee's Motion to Dismiss, ECF No. 7, is GRANTED;

2) That the Appeal is DISMISSED WITH PREJUDICE;

3) That this case is CLOSED; and

4) That the Clerk of the Court shall transmit a copy of this Order to Appellants and all counsel of record.

                                             _____/s/_____
                                             William M. Nickerson
                                             Senior United States District Judge